632 So.2d 224 (1994)
John Wayne ROSS and Joe McGaugh, Appellants,
v.
Dale E. BAKER, Appellee.
No. 92-03790.
District Court of Appeal of Florida, Second District.
February 18, 1994.
Francis E. Friscia of Allen & Meirose, P.A., Tampa, for appellants.
W. Clinton Wallace of W. Clinton Wallace, P.A., Lakeland, for appellee.
ALTENBERND, Judge.
The defendants, John Wayne Ross and Joe McGaugh, appeal an order setting aside a summary judgment in their favor. The order effectively determines that they are not entitled, as a matter of law, to workers' compensation immunity. We conclude that we have jurisdiction to review this nonfinal order and reverse. On remand, the trial *225 court shall reinstate the summary final judgment.
Dale E. Baker sustained severe job-related injuries on June 5, 1989, when he fell through an opening in the floor at a construction site. Mr. Baker worked for Savage Brothers, Inc., a painting subcontractor. Continental Construction Company was the general contractor. It is undisputed that Mr. Baker received workers' compensation benefits for this injury.
Mr. Baker filed a civil action against numerous parties. He sued Mr. Ross in his capacity as Continental's job site superintendent, and Mr. McGaugh, as president of Continental. The complaint alleged that each man negligently failed to provide adequate job site safety that could have prevented the accident. Mr. Baker argues that these omissions rose to the level of conduct that overrides workers' compensation immunity.
In August 1992, the trial court granted summary judgment in favor of these two defendants on the basis of the immunity provided to corporate officers and supervisors in section 440.11(1), Florida Statutes (1989). A few days later, this court held these immunity provisions unconstitutional in Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992). Mr. Baker filed a timely motion for rehearing, and the trial court entered an order vacating the earlier summary judgment. The defendants appeal this order.
Although an order vacating summary judgment is not typically an appealable order, we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). This rule was created by the supreme court in Mandico v. Taos Construction, 605 So.2d 850 (Fla. 1992). It permits review of nonfinal orders which "determine" that a party is "not entitled to workers' compensation immunity as a matter of law." In Mandico, the order reviewed was an order denying summary judgment. See also Holmes County Sch. Bd. v. Duffell, 630 So.2d 639 (Fla. 1st DCA 1994); Winn Dixie Stores v. Parks, 620 So.2d 798 (Fla. 4th DCA 1993); International Ship Repair & Marine Servs. v. Emig, 611 So.2d 1359 (Fla. 2d DCA 1993). It seems somewhat unusual to treat an order denying a motion as an order "determining" an issue. At least in some instances, such orders may merely establish that the trial court currently views the issue of immunity to involve unresolved factual questions as well as legal questions. Nevertheless, we conclude that the supreme court intends for this court to review this type of order.
After the trial court vacated its summary judgment, the supreme court reversed this court in Eller v. Shova, 630 So.2d 537 (Fla. 1993). Accordingly, we must reverse the trial court's order and instruct the trial court to reinstate its summary judgment.
We have considered whether it is appropriate for this court to review the merits of the vacated summary judgment at this time. If this case were in the same posture as Mandico, we would review the denial of a summary judgment and decide whether to order the entry of such a judgment. Because this order to vacate effectively denies summary judgment, it appears that we should review the propriety of summary judgment at this time.
Although the facts concerning the accident are somewhat in dispute, the following facts are the most favorable to the plaintiff. Mr. Baker was painting near a hole. His coworker suggested they cover the hole with a nearby piece of plywood. Unfortunately, the plywood was covering another hole. When the two men attempted to move the plywood, Mr. Baker fell through the hidden hole.
A few days before the accident, an engineer had noted the need for handrails on the holes in this area of the construction site. This fact was known by Mr. Ross, but was not known by Mr. McGaugh at the time of the accident. As site superintendent, Mr. Ross was regularly at the job site, whereas Mr. McGaugh was there only occasionally.
For purposes of section 440.11(1), it is clear that Mr. McGaugh is a "corporate officer" and Mr. Ross is a "supervisor or other person who in the course and scope of his duties acts in a managerial or policymaking capacity." For either man to lose the protection of workers' compensation immunity, his conduct must rise to the level of a first-degree *226 misdemeanor. See § 775.082(4), Fla. Stat. (1989). This means the conduct must rise to the level of culpable negligence. § 784.05(2), Fla. Stat. (1989); see generally Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992), rev'd on other grounds, 630 So.2d 537 (Fla. 1993).
"Culpable negligence is negligence of a gross and flagrant character which evinces a reckless disregard for the safety of others. It is that entire want of care which raises a presumption of indifference to consequences." Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991); see also State v. Greene, 348 So.2d 3 (Fla. 1977); Fla. Std. Jury Instr. (Crim.) [89].
In this case, it is arguable that the danger presented by the hole could have, and should have, been protected by a better method than a loose sheet of plywood. Nevertheless, under the culpable negligence standard, we conclude there is no question of fact and that these defendants were entitled to judgment as a matter of law. Assuming that both men had actual knowledge of this problem, the corporation's efforts to cover the hole were sufficient to show a degree of care that exceeded the culpable negligence standard.
Thus, the trial court made the correct decision in its initial order, which must be reinstated on remand.
Reversed and remanded with directions.
PARKER, A.C.J., and BLUE, J., concur.