646 So.2d 237 (1994)
The BREAKERS PALM BEACH, INC., d/b/a The Breakers Hotel, Appellant,
v.
Kurt GLOGER, Deborah L. Gloger, Antonio Yutronic, Patricia Yutronic, Heriberto Centeno, Juana M. Centeno and David W. Gibbs, Appellees.
No. 93-3411.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Order Granting Clarification December 20, 1994.
Christopher D. Robinson of Fisher & Phillips, Ft. Lauderdale and Kurt Peterson of Fisher & Phillips, Atlanta, GA, for appellant.
Richard A. Kupfer of Richard A. Kupfer, P.A. and Cone, Cone & Rossin, P.A., West Palm Beach, for appellees.

ON MOTION TO DISMISS
KLEIN, Judge.
Defendant Breakers appeals an order denying its motion for summary judgment which was grounded on workers' compensation immunity. The trial court denied the motion because it concluded that there were issues of fact regarding plaintiffs' claim that defendant failed to warn its employees of conditions which were "substantially certain" to result in injury. Fisher v. Shenandoah General Constr. Co., 498 So.2d 882 (Fla. 1986). Plaintiff appellees move to dismiss the appeal on the ground that this order, denying defendant's motion for summary judgment because there are issues of fact as to the employer's misconduct, is not appealable. We deny the motion.
In Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla. 1992), our supreme court promulgated Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) to permit review of non-final orders which determine:
that a party is not entitled to workers' compensation immunity as a matter of law.
Appellees argue that this rule permits review only of orders determining once and for all that there is no workers' compensation immunity, and does not permit review of orders merely determining, as this order did, that the issue of workers' compensation immunity is an issue of fact. We conclude that the appellees' interpretation of the amendment is too narrow.
If the words "as a matter of law" had been placed at the beginning of the amendment, rather than at the end, appellees' argument would be persuasive. Under that scenario the rule would permit review of non-final orders which determine "as a matter of law that a party is not entitled to workers' compensation immunity". The key words, when placed at the beginning, modify "determine".
*238 By putting the key words at the end, however, the court gave the amendment a broader meaning. They modify "entitled". The denial of defendant's motion for summary judgment, because there were issues of fact, is an order determining that the defendant is "not entitled to workers' compensation immunity as a matter of law". We therefore deny the motion to dismiss. Our view is supported by Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994) (the amendment authorizes review of orders denying summary judgment because of factual issues as well as because of legal questions).
We therefore deny the motion to dismiss.
HERSEY and STONE, JJ., concur.