668 So.2d 712 (1996)
CITY OF LAKE MARY, Appellant,
v.
Sherri FRANKLIN, f/k/a Sherri Glisson, Appellee.
No. 95-0232.
District Court of Appeal of Florida, Fifth District.
March 1, 1996.
*713 Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for Appellant.
B. Randall Griffiths, Deland, for Appellee.

ON MOTION FOR REHEARING
ANTOON, Judge.
We withdraw the opinion filed December 22, 1995, and substitute the following in its stead. The City of Lake Mary (City) appeals the trial court's order denying its motion for summary judgment, and alternatively the City seeks review of the trial court's order denying its requested jury instruction on the issue of workers' compensation immunity under section 440.11, Florida Statutes (Supp.1990). Because this appeal is untimely as to the order denying summary judgment, and because the denial of a requested jury instruction is not an appealable order, this court lacks jurisdiction, and this appeal must be dismissed.
On May 23, 1991, Sherri Franklin (Franklin), a police officer, and Berrios, a volunteer firefighter, were operating vehicles owned by the City's Department of Public Safety when they collided, causing injury to Franklin. Following the collision, Franklin filed a workers' compensation claim with the City. The claim was settled and the Judge of Compensation Claims approved the settlement, releasing the City from further liability for workers' compensation benefits.
After the workers' compensation settlement order was entered, Franklin sued the City for negligence. The City filed a motion for summary judgment on the grounds that it was entitled to judgment in its favor on the basis of immunity because workers' compensation was Franklin's exclusive remedy pursuant to section 440.11. This motion was denied by written order on April 7, 1994, without explanation. No appeal was taken from the summary judgment order, and nothing more was heard regarding this issue until the pretrial conference on January 18, 1995.
At the conference, the City requested that the trial court issue a jury instruction concerning the workers' compensation immunity issue. On January 20, 1995, the court entered its written order ruling that the City was not entitled to the immunity instruction. This appeal ensued.
The trial court's order ruling upon the City's request for a jury instruction is not a non-final order for which an interlocutory appeal may be taken under Florida Rule of Appellate Procedure 9.130. The real question thus becomes whether the City's failure to appeal the trial court's earlier order denying the City's motion for summary judgment on the immunity issue has deprived this court of jurisdiction over the instant appeal. We conclude that it has.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) permits review of non-final orders which determine "that a party is not entitled to workers' compensation immunity *714 as a matter of law."[1] In Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994), the court applied this rule, explaining:
It seems unusual to treat an order denying a motion as an order "determining" an issue. At least in some instances, such orders may merely establish that the trial court currently views the issue of immunity to involve unresolved factual questions as well as legal questions. Nevertheless, we consider that the Supreme Court intends for this court to review this type of order.

Id. at 225 (emphasis added).
In the instant case, the trial court's denial of the summary judgment determined that the City was not entitled to the workers' compensation immunity defense as a matter of law. The City argues that Rule 9.130 permits interlocutory review only of orders determining once and for all that there is no workers' compensation immunity and that the rule does not permit review of orders merely determining that the applicability of workers' compensation immunity as an issue of fact. However, the court in Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), specifically rejected this argument. In Breakers, the fourth district determined that an order denying a motion for summary judgment because there were issues of fact concerning immunity is an order determining that the defendant is not entitled to workers' compensation immunity as a matter of law and, therefore, such an order is appealable under Rule 9.130(a)(3)(C)(vi). Id. at 237. We agree with this conclusion.
Thus, the instant appeal must be dismissed for lack of jurisdiction because the trial court's April 7, 1994 order denying the City's motion for summary judgment was an appealable non-final order, and the City failed to appeal the ruling within thirty days. Fibreboard Corp. v. Ward, 455 So.2d 1151 (Fla. 1st DCA 1984). This, however, is not to be construed as a limitation of the City's right to direct appeal.
DISMISSED.
GRIFFIN, J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
HARRIS, Judge, concurring specially.
I do not agree with Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994), or The Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), that Mandico v. Taos Construction, 605 So.2d 850 (Fla.1992), stands for the proposition that an order denying a motion for summary judgment because of disputed material facts, even in a case involving workers' compensation immunity, is subject to appeal.
In Mandico, the supreme court was responding to a certified question which presented the issue of workers' compensation immunity as one that was truly a "matter of law." Because the Mandico court was concerned about the early resolution of "controlling issues," it amended the rule on non-final appeals to include "non-final orders ... which ... determine ... that a party is not entitled to workers' compensation immunity as a matter of law."[1]
An order delaying a decision on the issue until disputed issues of fact can be determined simply does not determine that a party is not entitled to workers' compensation immunity as a matter of law or otherwise. I believe that Mandico only permits appeals of orders denying summary judgment when the judge, based on uncontroverted facts, finds that workers' compensation immunity does not exist.
I concur in the result of this appeal because, although the trial court did not indicate in its order or in the record the basis of its ruling, a review of that portion of the record before us (primarily the City's motion and the argument) convinces me that the court ruled that immunity did not exist as a *715 matter of law because the two employees were performing separate functions at the time of the accident.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(a)(3)(C) was amended by the addition of subsection (vi) in Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla.1992).
[1] Fla.Rule App.P. 9.130(a)(3).