674 So.2d 178 (1996)
PIZZA HUT OF AMERICA, INC., Appellant,
v.
Richard MILLER, as personal representative of the Estate of Nancy Miller, Deceased, and ADT Security Systems, Mid-South, Inc., a/k/a ADT Security Systems, Inc., Appellees.
No. 95-03695.
District Court of Appeal of Florida, Second District.
May 22, 1996.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Stuart C. Markman, James E. Felman and Susan H. Freemon of Kynes, Markman & *179 Felman, P.A., Tampa, for Appellee Richard Miller.
CAMPBELL, Acting Chief Judge.
Having reviewed the applicable law concerning the order on appeal, which is the denial of appellant's motion for summary judgment on the basis of workers' compensation immunity, it appears that this court is without jurisdiction to consider this appeal.
Florida Rule of Appellate Procedure 9.130(a)(3)(vi) will allow an appeal from such a nonfinal order where the order finds "that a party is not entitled to workers' compensation immunity as a matter of law." The court here did not find that appellant was not entitled to workers' compensation immunity as a matter of law. Rather, the court here very specifically made no determination as to entitlement to workers' compensation immunity. This was because the factual applicability of workers' compensation immunity to the case had not been established.
The order here, in denying appellant's motion for summary judgment on this issue, stated specifically: "There are factual questions that must be submitted to the jury on the issue of the workers' compensation immunity." The transcript of the summary judgment hearing reveals that the issues the court wished to submit to the jury concerned whether the worker, Nancy Miller, was, in fact, acting within the scope of her employment at the time of her murder or had she ceased her employment activities and begun acting in regard to purely personal matters. Her actions are disputed, not their import. It is clear that in denying the motion for summary judgment, the court was attempting to determine whether the doctrine of workers' compensation immunity applied to the case at all.
The resolution of the question of law of the application of the doctrine of workers' compensation immunity depends first on the determination of the parties' disputed version of the facts as to what Mrs. Miller was doing at the time of her murder. The parties do not dispute the application of the doctrine once that dispute is resolved. Given these circumstances, we conclude that the court certainly did not deny the summary judgment on the basis of workers' compensation immunity as a matter of law.
This case may be distinguished from Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994), where the trial court had effectively determined, as a matter of law, that appellants were not entitled to workers' compensation immunity because this court had found that immunity unconstitutional.
The instant case is also distinguishable from City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996) since, in that case, the trial court order denying the motion for summary judgment was entered without any explanation, thus leaving a question as to the basis for its entry. Here, however, it is quite clear on what basis the court denied the motion for summary judgment.
Finally, we also find Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla.1994) distinguishable from the instant case since the nature of the factual issues to be determined in that case revealed that the applicability of the doctrine of workers' compensation immunity had been decided. The only matters left for determination involved the employer's failure to warn the employee. The employer did not dispute that the employee was acting within the scope of employment.
Having concluded that the order on appeal did not determine "that a party is not entitled to workers' compensation immunity as a matter of law," we dismiss this appeal for lack of jurisdiction. The issue of whether workers' compensation immunity is available as a matter of law is not ripe for determination until the underlying factual dispute is resolved. The parties do not dispute the legal import of agreed-upon facts. They dispute the facts upon which a legal conclusion can be made.
PATTERSON and QUINCE, JJ., concur.