679 So.2d 1190 (1996)
AMERICAN TELEVISION AND COMMUNICATION CORPORATION, Appellant,
v.
FLORIDA POWER CORPORATION, a Florida corporation, Appellee.
No. 95-04727.
District Court of Appeal of Florida, Second District.
July 17, 1996.
Rehearing Denied August 21, 1996.
Michael S. Rywant of Rywant, Alvarez, Jones & Russo, P.A., Tampa, for Appellant.
Richard J. McCrory, St. Petersburg, for Appellee.
PER CURIAM.
The appellant, American Television and Communication Corporation, challenges the trial court's nonfinal order which denied the motion for summary judgment the appellant had filed against the appellee, Florida Power Corporation, a Florida corporation. We dismiss for lack of jurisdiction.
The plaintiff in the trial court, Kenneth H. Whetstone, filed a suit for damages against the appellee alleging that during the course of his employment with the appellant, he was electrocuted and seriously injured as a result of removing existing cable lines that were *1191 attached to a hazardous utility pole owned by the appellee. The appellee in turn filed a third party complaint against the appellant/third party defendant and another party, not a party to this appeal, alleging that the third party defendants were responsible for Mr. Whetstone's injuries under various legal theories. The appellant subsequently filed a motion for summary judgment alleging, among other things, that the appellee's claims against the appellant were barred by workers' compensation immunity afforded under section 440.11, Florida Statutes (1993). The trial court denied the motion and found that there were material issues of fact remaining such as who was at fault for Mr. Whetstone's injuries. The appellant subsequently filed a timely notice of appeal contending that the trial court erred in denying its motion for summary judgment since it was entitled to immunity for damages suffered by Mr. Whetstone under the workers' compensation act.
We dismiss this case for lack of jurisdiction. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) authorizes appellate review of nonfinal orders which determine "that a party is not entitled to workers' compensation immunity as a matter of law." In the instant case, the record does not indicate that the trial court was making a determination that the appellant was not entitled to workers' compensation immunity as a matter of law. See Pizza Hut of America, Inc. v. Miller, 674 So.2d 178 (Fla. 2d DCA 1996). See also Integrity Homes of Cent. Florida, Inc. v. Goldy, 672 So.2d 839 (Fla. 5th DCA 1996). The trial court specifically recited unresolved issues of fact which were determinative as to whether or not the appellant was entitled to immunity under the statute. Accordingly, we dismiss this case for lack of jurisdiction.
Dismissed.
SCHOONOVER, A.C.J., and FULMER and WHATLEY, JJ., concur.