682 So.2d 1107 (1996)
Herbert HASTINGS and American Sign Company, a Florida corporation, Appellants,
v.
Charles DEMMING and Diana Demming, husband and wife, Appellees.
No. 96-00368.
District Court of Appeal of Florida, Second District.
July 31, 1996.
Rehearing Denied September 30, 1996.
*1108 Chester L. Skipper and Jesse L. Skipper of the Skipper Law Firm, St. Petersburg, for Appellant Hastings.
Daniel A. Carlton, Sarasota, for Appellant American Sign.
Allyson Palmer of John P. Graves, Jr., Chartered, Sarasota, for Appellees Charles and Diana Demming.
LAZZARA, Judge.
The appellants, Herbert Hastings (Hastings) and American Sign Company (ASC), seek review of the trial court's nonfinal order denying their motions for summary judgment which alleged their entitlement to workers' compensation immunity in a suit for personal injuries brought by the appellees, Charles Demming and Diana Demming. Because we conclude, as urged by the appellees, that this order has not determined that Hastings and ASC are not entitled to workers' compensation immunity as a matter of law as required by Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi), we dismiss this appeal. In doing so, we certify conflict with other district courts of appeal on the issue of jurisdiction under this particular rule and also certify a question of great public importance regarding under what circumstances the rule vests jurisdiction in an appellate court to review such a nonfinal order. Finally, we dispose of certain motions filed by the parties during the pendency of this appeal in order to highlight the pitfalls inherent in allowing unwarranted appeals under the rule.
The appellee, Charles Demming, was injured while in the scope of his employment with ASC when cables on a ladder on which he was working failed, causing the ladder to collapse and Mr. Demming to sustain serious personal injuries. He and his wife later sued ASC, as well as Hastings, who was an officer and director of ASC. The gravamen of the appellees' complaint was that Hastings was guilty of culpable negligence in failing to properly maintain the cables and that ASC was guilty of failing to exercise reasonable care in its supervision of Hastings in his capacity as the overseer of the company's operations.
In his motion for summary judgment, Hastings asserted that he was entitled to workers' compensation immunity under section 440.11, Florida Statutes (1991), in that the facts did not support a finding that he was guilty of culpable negligence as alleged. ASC's motion also invoked the immunity provisions of the Workers' Compensation Act, contending that Mr. Demming had applied for and received workers' compensation benefits and that his sole and exclusive remedy as established in the record was limited to such benefits. The trial court, after a hearing which is not part of this record, entered a perfunctory order denying each motion without explanation. Hastings and ASC then filed a notice of appeal invoking rule 9.130(a)(3)(C)(vi) as the basis for this court's jurisdiction to review the "non-final order denying Defendants' motions for summary judgment on the grounds of workers' compensation immunity." For the reasons explained below, we conclude that the rule does not confer jurisdiction to review this particular order.
We begin our extended analysis of this complex jurisdictional issue with an examination of Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla.1992), in which the supreme court amended rule 9.130(a)(3) by adding another type of order to the category of limited nonfinal orders of lower tribunals which are subject to appellate review, i.e, a nonfinal order which determines "(vi) that a party is not entitled to workers' compensation immunity as a matter of law." In Mandico, the court held, in response to a certified question, that a writ of prohibition was no longer the appropriate remedy to seek review of a trial court order denying workers' compensation immunity in a civil suit. In doing so, it receded from its prior opinion in Winn-Lovett Tampa v. Murphree, 73 So.2d 287 (Fla.1954), in which the court had granted prohibition because an examination of the relevant provisions of the then Workmen's Compensation Act conclusively established that the plaintiff's exclusive remedy was under the Act and not in a separate civil suit brought against the employer. The court in *1109 Mandico commented, however, that "[w]e suspect that one reason the court was willing to permit prohibition in Murphree was to avoid the necessity of requiring the trial to proceed to its conclusion when it was evident from a construction of the relevant statutes that the plaintiff's exclusive remedy was to obtain workers' compensation benefits." 605 So.2d at 854 (emphasis added). In line with this philosophy, and in furtherance of its "concern for an early resolution of controlling issues," the court then amended rule 9.130(a)(3) as noted above. Id. at 854-855. See also Ramos v. Univision Holdings, Inc., 655 So.2d 89, 91 (Fla.1995) (amendment to rule in Mandico "was intended to promote early resolution of cases in which it is evident that the plaintiff's exclusive remedy is workers' compensation.") (emphasis added).
We have emphasized the supreme court's use of the word "evident" because it plays a crucial role in our analysis of exactly what type of order we have jurisdiction to review under the rule. We note, in that regard, the court's prior definition of this term:
The word "evident" is defined by Webster as "clear to the understanding and satisfactory to the judgment." Synonyms: "Manifest, plain, clear, obvious, conclusive." The word "manifest" is defined as follows: "To put beyond question of doubt."
Russell v. State, 71 Fla. 236, 240, 71 So. 27, 28 (1916). We feel safe in assuming that when the supreme court used the word "evident" in its opinions in Mandico and Ramos, it was aware of its previous judicial construction of the word in its opinion in Russell. Cf. Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806, 809 (Fla.1964) (legislature presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute).
Thus, by its use of the word "evident" in Mandico and Ramos, and its previous definition of that word in Russell, we perceive that the supreme court intended rule 9.130(a)(3)(C)(vi) to apply only when an appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation, thereby promoting an early resolution of the case at the appellate level. We conclude, therefore, that in amending the rule the supreme court's clear intent was to confer jurisdiction to review only that type of nonfinal order in which a lower tribunal, based on undisputed material facts, has determined clearly and conclusively, beyond doubt, that a party is not entitled to workers' compensation immunity as a matter of law. Accordingly, to be appealable under rule 9.130(a)(3)(C)(vi), an order denying a motion for summary judgment asserting workers' compensation immunity must essentially determine the nonexistence of that defense such that it effectively precludes a party from having a jury decide whether a plaintiff's exclusive remedy is workers' compensation benefits.
Against this backdrop, we now turn to an analysis of summary judgment law to assist us in determining whether the order under review meets the jurisdictional test we have outlined. Our supreme court noted long ago that "[a] motion for summary judgment necessarily proceeds upon the theory that the legal issues are fully settled by the pleadings, and there exists no genuine dispute as to a material fact." White v. Fletcher, 90 So.2d 129, 131-132 (Fla.1956). Consistent with this statement, it later held that "the function of a motion for summary judgment is merely to determine if the respective parties can produce sufficient evidence in support of the operative issues made in the pleadings to require a trial to determine who shall prevail." Hart Properties, Inc. v. Slack, 159 So.2d 236, 239 (Fla.1963). Thus, "[a] summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (emphasis added). If the facts are not so fixed and definite, such that the evidence raises any issue of material fact by way of conflicts, different reasonable inferences, or a tendency to prove the issues, then the evidence should be submitted to a jury for its determination of questions of fact. Id.
Equally important to our analysis is Martin County v. Edenfield, 609 So.2d 27 (Fla. 1992), in which the supreme court applied summary judgment principles within the context *1110 of a statutory defense to a cause of action brought under section 112.3187, Florida Statutes (1989), Florida's "Whistle-blower's Act of 1986." The court explained that "[u]nder Florida law, a `defense' is any allegation raised by the defendant that, if true, would defeat or avoid the plaintiff's cause of action." Id. at 29. It observed, however, that such a defense should not be the basis for granting a motion for summary judgment "unless the evidence supporting the defense is so compelling as to establish that no issue of material fact actually exists." Id. Thus, the court concluded, "[d]efendants moving for summary judgment must conclusively prove both the factual existence of the defense upon which they rely and its legal sufficiency." Id. (emphasis in original).
We glean from this analysis a very clear theme permeating the supreme court's pronouncements regarding the law of summary judgment: unless and until the material facts at issue presented to the trial court are so "crystallized," conclusive, and compelling as to leave nothing for the court's determination but a question of law, those facts, as well as any defenses, must be submitted to the jury for its resolution. In this case, we cannot discern either from the record or the order under review that the facts presented to the trial court in connection with the motions for summary judgment were so fixed and definite that the court was in a position to determine clearly and conclusively, beyond doubt, that Hastings and ASC were not entitled to workers' compensation immunity as a matter of law. Thus, we are unable to determine whether the trial court's denial of the motions for summary judgment effectively precluded Hastings and ASC from ever presenting to the jury the issue of whether workers' compensation is the appellees' exclusive remedy. Accordingly, because the trial court's nonfinal order does not meet the jurisdictional test we have fashioned under rule 9.130(a)(3)(C)(vi), we dismiss this appeal.
In arriving at this conclusion, we acknowledge that we are in conflict with other district courts of appeal. We first certify conflict with Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), in which the Fourth District considered its jurisdiction under rule 9.130(a)(3)(C)(vi) to review a nonfinal order denying a motion for summary judgment in which the trial court concluded that there were issues of fact regarding the defendant's entitlement to workers' compensation immunity. In concluding that jurisdiction existed to review such an order even though questions of fact remained, the Fourth District specifically rejected the argument that the rule permits review only of a nonfinal order determining once and for all that there is no workers' compensation immunity. The court's conclusion was based on an analysis of the placement of the critical phrase "as a matter of law" within the rule. It stated that by putting these key words at the end of the rule after "entitled," rather than at the beginning of the rule after "determine," the supreme court intended to give the rule amendment "a broader meaning." Id. at 238 (emphasis added).
We respectfully disagree with this analysis. In our view, the placement of the phrase "as a matter of law" within the rule has no particular significance because the jurisdictional question to be answered is the same no matter how the rule amendment is worded, that is, has a lower tribunal made a final legal determination that a party is not entitled to workers' compensation immunity? Moreover, the Fourth District's attempt in Gloger to broaden the meaning of the rule amendment is contrary to the basic theory of rule 9.130 which, as will be fully explained later, "is to restrict the number of appealable nonfinal orders." Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984). Accord Department of Transp. v. Paris, 665 So.2d 381, 382 (Fla. 4th DCA 1996) (relying on Bruns' restrictive theory of the rule to support dismissal of nonfinal appeal).
We likewise certify conflict with City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996). In that case, the Fifth District was called upon to determine whether the rule allows review of an order denying a motion for summary judgment claiming workers' compensation immunity in which the trial court denied the motion "by written order ... without explanation." Id. at 713 (emphasis added). In concluding that such *1111 an order fell within the ambit of the rule, the court agreed with the conclusion reached by the Fourth District in Gloger "that an order denying a motion for summary judgment because there [are] issues of fact concerning immunity is an order determining that the defendant is not entitled to workers' compensation immunity as a matter of law and, therefore, such an order is appealable under Rule 9.130(a)(3)(C)(vi)." 668 So.2d at 714. The court, however, dismissed the appeal because it was untimely filed.
Interestingly, in Integrity Homes of Central Florida, Inc. v. Goldy, 672 So.2d 839 (Fla. 5th DCA 1996), an opinion issued the same day as Franklin, the Fifth District appears to have taken a contrary approach from the one taken in Franklin. In Goldy, the court dismissed an appeal of an order denying a motion for summary judgment brought pursuant to rule 9.130(a)(3)(C)(vi) because "there is nothing in the instant record demonstrating that the trial court found that Integrity Homes was not entitled to the immunity defense as a matter of law." 672 So.2d at 840 (emphasis in original omitted) (emphasis added). Thus, it would appear that there is intradistrict conflict in the Fifth District on this jurisdictional issue because in Franklin the court accepted jurisdiction when faced with an order containing no expressed determination on the immunity issue, while in Goldy it declined to accept jurisdiction when confronted with a record reflecting no determination on the same issue, an approach which is consistent with our jurisdictional holding in this case.
The Fifth District later attempted to harmonize these two cases in ACT Corporation v. Devane, 672 So.2d 611 (Fla. 5th DCA 1996). In this case, the court dismissed an appeal from an order denying without prejudice and as premature a motion for summary judgment claiming workers' compensation immunity because discovery had not been completed. In doing so, it acknowledged the trial court's reluctance "to recognize workers' compensation immunity as a matter of law until the undisputed facts show that no other remedy is available." Id. at 613 (emphasis added). The court went on to treat Franklin's discussion of the rule as dicta because, as previously noted, that appeal was untimely filed, and to cite Goldy by comparison to support dismissal of the appeal. It concluded, however, by citing to Franklin and the Fourth District's opinion in Gloger, that "[i]f the trial court eventually decides there are disputed issues of material fact that preclude summary judgment, ACT can appeal from that order." 672 So.2d at 613. We find this conclusion to be puzzling given the court's explicit acknowledgement of the trial court's concern regarding a resolution of the workers' compensation immunity issue "as a matter of law until the undisputed facts show that no other remedy is available."
Finally, we note that two judges in the Fifth District have expressed opinions consistent with our approach. See Franklin, 668 So.2d at 714 (Harris, J., concurring specially) (rule should only sanction appeals of orders denying summary judgment when the trial court, based on uncontroverted facts, finds that workers' compensation immunity does not exist); J.B. Coxwell Contracting, Inc. v. Shafer, 663 So.2d 659, 660-661 (Fla. 5th DCA 1995) (W. Sharp, J., dissenting) (if workers' compensation immunity turns on resolution of material fact issues, propriety of trial court's ruling should await appellate review on plenary appeal), review denied, 673 So.2d 30 (Fla.1996).
We also acknowledge that, at first blush, our decision may appear to be in conflict with our earlier opinion in Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994), a case relied on by both the Fourth District in Gloger and the Fifth District in Franklin. Based on the following analysis, however, we determine that there is no conflict. In Ross, we were considering our jurisdiction under rule 9.130(a)(3)(C)(vi) to review an order which we quite clearly characterized as one that "effectively determines that [the defendants] are not entitled, as a matter of law, to workers' compensation immunity." 632 So.2d 224.[1] *1112 In deciding to accept jurisdiction, we made the following observations about the rule:
It seems somewhat unusual to treat an order denying a motion as an order "determining" an issue. At least in some instances, such orders may merely establish that the trial court currently views the issue of immunity to involve unresolved factual questions as well as legal questions. Nevertheless, we conclude that the supreme court intends for this court to review this type of order.
Id. at 225 (emphasis in original omitted) (emphasis added). We ultimately concluded, however, that because there was "no question of fact" under the legal standard to be applied, the trial court erred in not affording the defendants immunity as a matter of law. Id. at 226.
It is apparent from this analysis that the order we reviewed in Ross did not include any determination by the trial court that it viewed "the issue of immunity to involve unresolved factual questions." Instead, our exclusive focus was on whether the trial court was correct in effectively determining that the defendants were not entitled, as a matter of law, to workers' compensation immunity under the applicable legal standard in the absence of a question of fact. Thus, we construe our jurisdictional observation in Ross that the supreme court intends for appellate courts to review orders involving "unresolved factual questions" in the realm of workers' compensation immunity as dicta because that observation was not essential to our decision to accept jurisdiction under the facts of the case. See State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823, 826 (Fla.1973). Accordingly, we conclude that this specific language is without force of precedent and does not control the disposition of the case before us. See id.; State v. Florida State Improvement Comm'n, 60 So.2d 747, 750 (Fla.1952). Hence, we are not in conflict with Ross. Cf. Ciongoli v. State, 337 So.2d 780 (Fla.1976) (declining to exercise conflict jurisdiction because conflicting language was obiter dicta).
We determine, however, that our jurisdictional approach is consistent with our recent opinion in Pizza Hut of America, Inc. v. Miller, 674 So.2d 178 (Fla. 2d DCA 1996), in which we clearly confronted the issue of whether we had jurisdiction under rule 9.130(a)(3)(C)(vi) to review a nonfinal order denying a motion for summary judgment because of the existence of "unresolved factual questions" and squarely held that we did not. In Miller, we dismissed an appeal brought pursuant to the rule because the trial court, in denying the defendant's motion for summary judgment based on workers' compensation immunity, made no determination that the defendant was not entitled to such immunity as a matter of law. The essential underpinning for our holding was our conclusion that "[t]he issue of whether workers' compensation immunity is available as a matter of law is not ripe for determination until the underlying factual dispute is resolved." Id. at 179. Cf. General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA) (finding jurisdiction under the rule to review a nonfinal order denying motion for summary judgment in which trial court ruled as matter of law that evidence sufficient to deny defendants workers' compensation immunity), review dismissed, 639 So.2d 976 (Fla.1994). Because the parties in Miller disputed the facts upon which a legal conclusion could be made in terms of workers' compensation immunity, we concluded that the trial court "did not deny the summary judgment on the basis of workers' compensation immunity as a matter of law." 674 So.2d at 179. Thus, we dismissed the appeal for lack of jurisdiction under the rule.
Even more recently, we arrived at the same conclusion in American Television and Communication Corporation v. Florida Power Corporation, 679 So.2d 1190 (Fla. 2d DCA 1996). In citing to Miller, we dismissed an appeal taken under rule 9.130(a)(3)(C)(vi) for lack of jurisdiction because, as in Miller, the record did not indicate that the trial court made a determination that the appellant was not entitled to workers' compensation immunity as a matter of law. We concluded, instead, that the trial court had clearly indicated that there were unresolved issues of fact as to whether or not the appellant was entitled to such immunity. Significantly, we also cited to the Fifth District's *1113 case in Goldy to support our dismissal, which is entirely consistent with our earlier comment that Goldy is in accord with our jurisdictional approach in this case and in apparent conflict with the Fifth District's other case in Franklin.
We pause at this juncture to acknowledge that in Miller we took great care to factually distinguish our case in Ross, the Fifth District's case in Franklin, and the Fourth District's case in Gloger. We do not perceive, however, that such an approach prohibits us from declining to follow Ross on the basis of the legal doctrine of obiter dicta and from certifying conflict with Franklin and Gloger because they are at odds with the legal holding in this case.
We also conclude that the jurisdictional test we have promulgated comports with the supreme court's recent decision in Tucker v. Resha, 648 So.2d 1187 (Fla.1994). In responding to a certified question, the court in Tucker held that an order denying a motion for summary judgment asserting the defense of qualified immunity to a federal civil rights claim brought in a Florida court was "subject to interlocutory review to the extent that the order turns on an issue of law." Id. at 1190 (emphasis added).[2] One of the court's reasons for permitting such review was that such a defense provides immunity from suit rather than just a defense to liability. Id. at 1189. Thus, in order to prevent such a defense from becoming illusory, the supreme court now permits intermediate appellate courts to review orders denying motions for summary judgment based on qualified immunity, but only if there are no material facts in dispute and the decisive issue involves only a question of law. See McGory v. Metcalf, 665 So.2d 254, 256 (Fla. 2d DCA 1995), review denied, 672 So.2d 543 (Fla.1996).
By analogy, this same rationale should apply to the defense of workers' compensation immunity because such a defense also provides for immunity from suit as opposed to being a defense to liability. See generally Sullivan v. Liberty Mut. Ins. Co., 367 So.2d 658, 660 (Fla. 4th DCA) (under workers' compensation law an employer, while obligated to compensate employee for certain injuries regardless of fault, is immune from tort liability), cert. denied, 378 So.2d 350 (Fla. 1979); § 440.11. Thus, as in Tucker, in order to protect the continuing viability of the defense, defendants should be afforded the opportunity to have an appellate court review a trial court's order denying a motion for summary judgment based on workers' compensation immunity, but only to the extent that the order "turns on an issue of law" and not on disputed material facts.
Furthermore, at the risk of engaging in dicta, we offer still another reason supporting our jurisdictional test. Our focus in this case has been on determining the appealability of a nonfinal order arising from a denial of a motion for summary judgment. A careful examination of rule 9.130(a)(3)(C)(vi) reflects, however, that the application of the rule is not limited to an order denying a motion for summary judgment invoking workers' compensation immunity. Instead, the rule encompasses review of any nonfinal order which determines a party's nonentitlement to such immunity. Theoretically, therefore, an order denying a motion to dismiss or a motion for judgment on the pleadings in which a party alleges entitlement to workers' compensation immunity as a matter of law may be appealable under the rule.
In deciding such motions, however, a trial court is constrained by well-settled precedent from resolving factual disputes. See, e.g., Varnes v. Dawkins, 624 So.2d 349, 350 (Fla. 1st DCA 1993) (in ruling on motion to dismiss, trial court must accept material allegations of complaint as true and may not consider affirmative defenses raised by defendant or evidence parties likely to produce); Hart v. Hart, 629 So.2d 1073, 1074 (Fla. 2d DCA 1994) (in ruling on motion for judgment on the pleadings, trial court must confine its determination to the pleadings and may not enter judgment where factual questions remain). Accordingly, even though a trial court would be eminently correct under this long-standing jurisprudence *1114 in denying such a motion because it is not "evident" from the complaint or a prior pleading,[3] or the closed pleadings, that the plaintiff's exclusive remedy is workers' compensation, thus leaving "unresolved factual questions" concerning workers' compensation immunity, nevertheless, it would appear that under the "broad meaning" ascribed to the rule by the Fourth District in Gloger, as adopted by the Fifth District in Franklin, the trial court's nonfinal order would be automatically reviewable under rule 9.130(a)(3)(C)(vi). We cannot conceive, however, that in amending the rule the Florida Supreme Court intended to burden the appellate courts of this state with the task of reviewing orders which do nothing more than deny a motion without finally determining a critical factual issue, especially, as we will explain below, in view of the restrictive philosophy espoused by the court in terms of the jurisdictional parameters of rule 9.130.
We candidly admit that our foray into this "thorny patch" of jurisdictional analysis has not been an easy one. We are further buoyed in our ultimate decision to dismiss, however, by an examination of the central purpose of rule 9.130. As the supreme court has stated, "[t]he thrust of rule 9.130 is to restrict the number of nonfinal appealable orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment." Bruns, 443 So.2d at 961 (emphasis added).
In our view, the jurisdictional test we have promulgated is in accord with the restrictive philosophy of the rule as espoused in Bruns because it will effectively preclude, and hopefully discourage, a party from filing an unwarranted appeal from a nonfinal order in which a trial court has done nothing more than defer to the jury the material fact issue of whether the plaintiff's exclusive remedy is workers' compensation benefits.[4] This test, therefore, will result in the twofold salutary effect envisioned in Bruns. First, it will preserve an appellate court's already overburdened resources by delaying final resolution until plenary appeal when the record is fully developed. Second, it will serve to obviate needless delay in the entry of final judgment because, in the absence of an unwarranted appeal, a trial court will not be faced with the restriction of Florida Rule of Appellate Procedure 9.130(f), which prohibits a court, even in the absence of a stay, from rendering a final order during the pendency of a nonfinal appeal. See, e.g., MML Dev. Corp. v. Eagle Nat'l Bank of Miami, 597 So.2d 968, 969 (Fla. 5th DCA 1992) (under rule 9.130(f) trial court without jurisdiction to enter final order pending final disposition of nonfinal appeal).
Furthermore, as we perceive the law, a denial of a motion for summary judgment involving "unresolved factual questions" does not establish the law of the case. See Steinhardt v. Steinhardt, 445 So.2d 352, 356-357 (Fla. 3d DCA), review denied, 456 So.2d 1181 (Fla.1984). It merely defers the matter until a final hearing, even when an appellate court has affirmed the denial. Id. Thus, under the Fourth District's "broad" test announced in Gloger, which was adopted by the Fifth District in Franklin, a denial of a motion for summary judgment alleging entitlement to workers' compensation immunity because of the existence of disputed material facts, followed by an appellate court's affirmance of the order, would not prevent a party from reasserting this defense in a later motion for summary judgment and, in the event of a trial court's denial of the second motion for the same reason, from appealing again. Such a scenario would obviously result in a waste of judicial resources at the trial and appellate levels and, because of the jurisdictional strictures of rule 9.130(f), would cause *1115 a needless delay in the trial court's ability to conclude the case by entry of a final judgment.
Under our test, however, which effectively limits an appeal under rule 9.130(a)(3)(C)(vi) to an order which finally and conclusively determines a party's nonentitlement to workers' compensation based on undisputed material facts, such a situation could not occur because of the indispensable requirement of "finality." If an appellate court concludes that it is "evident" from the facts manifest in the record that a plaintiff's exclusive remedy is workers' compensation benefits, it will reverse and remand with directions to enter judgment for the party asserting entitlement to workers' compensation immunity. See David, 632 So.2d 123 (because trial court erred in its interpretation of law as applied to record in which there were no genuine issues of material fact, trial court's order denying defendants' motion for summary judgment claiming workers' compensation immunity reversed with directions to enter summary judgment for defendants); see also B.E.T. Plant Serv., Inc. v. Dyer, 678 So.2d 841 (Fla. 3d DCA 1996). If, on the other hand, an appellate court concludes that the trial court was correct in determining that a party is not entitled to workers' compensation immunity as a matter of law in the face of undisputed material facts, it will affirm, thereby allowing the case to proceed to trial on the remaining issues. See Holmes County Sch. Bd. v. Duffell, 630 So.2d 639 (Fla. 1st DCA 1994) (trial court's order denying motion for summary judgment affirmed because plaintiff's acceptance of workers' compensation benefits from public employer did not, under the facts and law, preclude him from suing employer in separate civil action), approved, 651 So.2d 1176 (Fla.1995). Obviously, therefore, our test, by imposing an element of finality on a trial court's order, will have the beneficial result of restricting a party to one plenary nonfinal appeal under the rule, thereby again conserving judicial resources and avoiding needless delay in the ultimate resolution of the case.
As we will now demonstrate in our disposition of certain motions filed by the parties during the pendency of this appeal, this case presents the perfect example of why the jurisdictional test we have advocated will avoid the pitfalls of needless expenditure of appellate review. These motions reflect that after Hastings and ASC invoked our jurisdiction, the case proceeded to trial before a jury. At the conclusion of the appellees' case-in-chief, the trial court directed a verdict in favor of Hastings and ASC on the basis of workers' compensation immunity and later rendered final judgments in accord with its ruling. The appellees have now appealed from these judgments in case number 96-02667.
The appellees then filed a motion requesting that their new appeal be consolidated with this appeal in the interest of preserving appellate resources. Hastings has filed a motion alleging that we must vacate the final judgment rendered in the new appeal and dismiss that appeal without prejudice because the trial court was without jurisdiction under rule 9.130(f) to render a final judgment, citing, among other cases, MML Development Corporation, 597 So.2d 968. Finally, ASC has filed a motion somewhat consistent with Hastings' but requesting that we relinquish jurisdiction in this case so that the trial court can render a proper final judgment.
It is readily apparent from this turn of events that while this court was devoting its resources to a resolution of the very difficult jurisdictional issue posed in this appeal, the trial court was devoting its resources to a trial of the case, the focal point of which was deciding the obviously unresolved factual question of the applicability of workers' compensation immunity and the result of which was the entry of improper final judgments. We feel confident that an appellate court, in utilizing the jurisdictional test we have fashioned under rule 9.130(a)(3)(C)(vi), can prevent what has transpired in this case, consistent with the restrictive philosophy governing nonfinal appeals embraced in Bruns. First, it can more readily and expeditiously dismiss an improvidently filed appeal, thus preserving court resources. Second, in doing so, its act of dismissal will allow the trial court to enter a proper final *1116 judgment without needless delay, free from the jurisdictional constraints of rule 9.130(f).
In any event, we are required by well-established precedent to vacate the final judgments rendered in favor of Hastings and ASC and dismiss the appeal in case number 96-02667 as it relates to them, without prejudice to the trial court's reinstating the final judgment after this appeal has concluded and the appellees' appealing anew. See Connor Realty, Inc. v. Ocean Terrace North Condominium Ass'n, 572 So.2d 4 (Fla. 4th DCA 1990). In view of this disposition, the appellees' motion to consolidate is moot.
In accord with our holding, we conclude by urging trial judges in this district to take great care in entering orders which clearly reflect whether they are determining in the face of undisputed material facts that, as a matter of law, a party is not entitled to workers' compensation immunity, such that the issue of whether the plaintiff's exclusive remedy is workers' compensation is no longer for the jury to decide. Although we realize that a trial court is not required to specify its reasons for denying summary judgment, see Newman v. Shore, 206 So.2d 279, 280 (Fla. 3d DCA 1968), an order reciting specific findings and conclusions will greatly facilitate our ability to determine immediately whether the order is reviewable under rule 9.130(a)(3)(C)(vi), thereby promoting expeditious resolution of the appeal and preserving judicial resources.
We have engaged in this extended analysis to accentuate the jurisdictional problem confronting appellate courts in this state in determining the appealability of a nonfinal order under rule 9.130(a)(3)(C)(vi). Our purpose was also to demonstrate the conflicting manner in which those courts, even within the same district, have resolved the problem, even though the supreme court made it clear in Mandico and Ramos that the rule was intended to promote early resolution of cases involving the controlling issue of workers' compensation immunity where it is evident that the plaintiff's exclusive remedy is workers' compensation. Thus, because we consider the jurisdictional issue posed in this case to be an issue of great public importance affecting the efficient administration of justice in this state, we certify the following question to the Florida Supreme Court:
DOES AN APPELLATE COURT HAVE JURISDICTION UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.130(a)(3)(C)(vi) TO REVIEW A NONFINAL ORDER DENYING A MOTION FOR SUMMARY JUDGMENT ASSERTING WORKERS' COMPENSATION IMMUNITY WHEN THE ORDER DOES NOT CONCLUSIVELY AND FINALLY DETERMINE A PARTY'S NONENTITLEMENT TO SUCH IMMUNITY, AS A MATTER OF LAW, BECAUSE OF THE EXISTENCE OF DISPUTED MATERIAL FACTS, SO THAT THE EFFECT OF THE ORDER IS TO LEAVE FOR A JURY'S DETERMINATION THE ISSUE OF WHETHER THE PLAINTIFF'S EXCLUSIVE REMEDY IS WORKERS' COMPENSATION BENEFITS?
Accordingly, for the reasons expressed, we dismiss the appeal of Hastings and ASC, certify conflict with Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), and City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996), and certify a question of great public importance.
Appeal dismissed; conflict and question certified.
THREADGILL, C.J., and FRANK, J., concur.
NOTES
[1] The trial court's basis for the order was our opinion in Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992), which held that the statutory immunity provisions relied on by the defendants were unconstitutional. That holding was subsequently reversed by the supreme court in Eller v. Shova, 630 So.2d 537 (Fla.1993).
[2] Because rule 9.130 does not provide for review of such an order, the court directed the Florida Bar Appellate Court Rules Committee to submit a proposed amendment to the rule in accord with its opinion. To date, no such amendment has been adopted.
[3] See also Eiler v. Camp Dresser & McKee, Inc., 542 So.2d 441, 442 (Fla. 5th DCA 1989) (it is well settled that the exclusivity provision of section 440.11 is an affirmative defense which cannot be raised by a motion to dismiss unless the allegations of a prior pleading demonstrate the existence of such defense).
[4] We note, in that regard, that a trial court's failure to grant summary judgment in favor of a party invoking the statutory defense of workers' compensation immunity because of the existence of disputed material facts does not preclude that party from presenting evidence of that defense to the jury. See Martin County v. Edenfield, 609 So.2d 27, 30 (Fla.1992).