BENTON, Judge,
dissenting.
For the reasons Judge Lazzara explicates in Hastings v. Demming, 21 Fla. L. Weekly D1756, — So.2d - [1996 WL 425056] (Fla. 2d DCA July 31, 1996), I would dismiss this appeal because there are “unresolved issues of fact as to whether or not the appellant was entitled to ... immunity.” Id. at D1759, at -. Although the depositions did not prove that it was inevitable that the accident would occur exactly as it did (or that it was inevitable that both of Mr. DePauw’s arms would have to be amputated as a result), the record on which the trial judge denied summary judgment was not inconsistent with employer-sanctioned peril comparable to that described in Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.1990), and Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990) review denied, 581 So.2d 1307 (Fla.1991).
The order denying summary judgment does not contain findings of fact. The record does not rule out the possibility that Mr. DePauw’s employer asked him to insert one end of a twenty-five-pound, seventeen-foot metal pole into the top of a flag pole while threading the other end between high voltage power lines only inches apart overhead. As far as can be told at this stage of the case, the existing flag pole stood directly underneath the high-voltage power lines. The depositions do not establish how high the power lines were or how close they were to one another. The material facts are not “so ‘crystallized,’ conclusive, and compelling as to leave nothing for the court’s determination but a question of law.” Hastings, — So.2d at -, 21 Fla. L. Weekly at 1757. American Television and Communication Corp. v. Florida Power Corp., 679 So.2d 1190 (Fla. 2d DCA 1996); Pizza Hut of Am., Inc., v. Miller, 674 So.2d 178 (Fla. 2d DCA 1996). Contra Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994).
One fact on which the majority seems to rely is clear on this record: Like his boss, Mr. DePauw heard Mr. Foreman’s warning that “that line was hot 7200 and 12,000 and it would kill them; and I told them not to get around it,” according to Mr. Foreman’s deposition. An employer’s concealment or misrepresentation of a danger may increase the hazard, but proof of concealment is not required to defeat the immunity section 440.11(1) provides in the absence of an intentional wrong or culpable negligence. Under section 440.11(1), an employee’s assumption even of a known risk does not confer immunity on his employer from suit for injuries the employer’s culpable negligence causes.