694 So.2d 718 (1997)
Herbert HASTINGS, et al., Petitioners,
v.
Charles DEMMING, et ux., Respondents.
No. 89130.
Supreme Court of Florida.
May 8, 1997.
Jesse L. Skipper of Skipper & Day, St. Petersburg; and Dan Carlton, Sarasota, for Petitioners.
Allyson Palmer of Graves & Palmer Chartered, Sarasota, for Respondents.
Kimberly A. Staffa of Fox, Grove, Abbey, Adams, Byelick & Kiernan, St. Petersburg, for Florida Defense Lawyers Association, Amicus Curiae.
OVERTON, Justice.
We have for review Hastings v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996), in which the district court certified conflict with the opinions in Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994) and City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996). This case is concerned with the scope of the district courts' authority to review nonfinal orders denying summary judgment in the context of workers' compensation immunity claims. The district court, in addition to certifying conflict, also certified the following question to be of great public importance:
DOES AN APPELLATE COURT HAVE JURISDICTION UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.130(a)(3)(C)(vi) TO REVIEW A NONFINAL ORDER DENYING A MOTION FOR SUMMARY JUDGMENT ASSERTING WORKERS' COMPENSATION IMMUNITY WHEN THE ORDER DOES NOT CONCLUSIVELY AND FINALLY DETERMINE A PARTY'S NONENTITLEMENT TO SUCH IMMUNITY, AS A MATTER OF LAW, BECAUSE OF THE EXISTENCE OF DISPUTED MATERIAL FACTS, SO THAT THE EFFECT OF THE ORDER IS TO LEAVE FOR A JURY'S DETERMINATION THE ISSUE OF WHETHER THE PLAINTIFF'S EXCLUSIVE REMEDY IS WORKERS' COMPENSATION BENEFITS?
Hastings, 682 So.2d at 1116. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The recent changes to the Florida Rules of Appellate Procedure make clear that the answer to the certified question must be no. Accordingly, we approve the decision of the district court in this case and disapprove Gloger and Franklin to the extent that they are inconsistent with the views expressed in this opinion.
The record in this case reflects the following. Charles Demming was injured when he fell after ladder cables failed and the ladder collapsed under him. He was working for the American Sign Company (ASC) at the time of the accident. He and his wife, Diana Demming, sued both ASC and Herbert Hastings. *719 Hastings is an officer and director of ASC. The complaint alleged that Hastings was culpably negligent in failing to properly maintain the cables on the ladder. It further alleged that ASC was guilty of failing to reasonably supervise Hastings in his capacity as the company's overseer of operations. Both Hastings and ASC filed motions for summary judgment contending that they were immune under the Workers' Compensation Act. After a hearing (not part of this record) the two motions were denied without elaboration. Hastings and ASC sought review of that order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). At that point in time, the rule stated:
(3) Review of non-final orders of lower tribunals is limited to those that
....
(C) determine
....
(vi) that a party is not entitled to workers' compensation immunity as a matter of law.
The district court dismissed the appeal concluding that the trial court order at issue had not determined that Hastings and ASC were not entitled to workers' compensation immunity as a matter of law. In reaching this resolution the district court wrote:
[W]e perceive that the supreme court intended rule 9.130(a)(3)(C)(vi) to apply only when an appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation, thereby promoting an early resolution of the case at the appellate level. We conclude, therefore, that in amending the rule the supreme court's clear intent was to confer jurisdiction to review only that type of nonfinal order in which a lower tribunal, based on undisputed material facts, has determined clearly and conclusively, beyond doubt, that a party is not entitled to workers' compensation immunity as a matter of law. Accordingly, to be appealable under rule 9.130(a)(3)(C)(vi), an order denying a motion for summary judgment asserting workers' compensation immunity must essentially determine the nonexistence of that defense such that it effectively precludes a party from having a jury decide whether a plaintiff's exclusive remedy is workers' compensation benefits.
Hastings, 682 So.2d at 1109. The district court then applied this interpretation of the law and concluded:
We glean from this analysis a very clear theme permeating the supreme court's pronouncements regarding the law of summary judgment: unless and until material facts at issue presented to the trial court are so "crystallized," conclusive, and compelling as to leave nothing for the court's determination but a question of law, those facts, as well as any defenses, must be submitted to the jury for its resolution. In this case, we cannot discern either from the record or the order under review that the facts presented to the trial court in connection with the motions for summary judgment were so fixed and definite that the court was in a position to determine clearly and conclusively, beyond doubt, that Hastings and ASC were not entitled to workers' compensation immunity as a matter of law. Thus, we are unable to determine whether the trial court's denial of the motions for summary judgment effectively precluded Hastings and ASC from ever presenting to the jury the issue of whether workers' compensation is the appellees' exclusive remedy. Accordingly, because the trial court's order does not meet the jurisdictional test we have fashioned under rule 9.130(a)(3)(C)(vi), we dismiss the appeal.
Id. at 1110. The Fourth District Court of Appeal has interpreted the rule differently. That reasoning is explained by this excerpt from Judge Klein's opinion in Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994). There, he wrote:
If the words "as a matter of law" had been placed at the beginning of the amendment, rather than at the end, appellees' argument would be persuasive. Under that scenario the rule would permit review of non-final orders which determine "as a matter of law that a party is not entitled to workers' compensation immunity." The key words, when placed at the beginning, modify "determine[."]

*720 By putting the key words at the end, however, the court gave the amendment a broader meaning. They modify "entitled[."] The denial of the defendant's motion for summary judgment, because there were issues of fact, is an order determining that the defendant is "not entitled to workers' compensation immunity as a matter of law." We therefore deny the motion to dismiss.
Breakers, 646 So.2d at 237-38. Admittedly, the rule as presented to the various district courts was susceptible to both interpretations. Our recent amendments to the appellate rules should eliminate the confusion. The subject rule now reads:
(3) Review of non-final orders of lower tribunals is limited to those that
....
(C) determine
....
(vi) that, as a matter of law, a party is not entitled to workers' compensation immunity.
Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773, 796 (Fla.1996). We changed the phrasing of the subject rule in order to settle the inconsistency between the district courts. Nonfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party. In those limited cases, the party is precluded from having a jury decide whether a plaintiff's remedy is limited to workers' compensation benefits and, therefore, an appeal is proper. Otherwise, the denial of the summary judgment may be based on a factual dispute and the party is still likely able to present an immunity defense to the jury. In those cases, the new rule makes clear that the district courts have no jurisdiction to hear an appeal of the nonfinal order. In sum, the new rule codifies the result reached by the district court in this case.
Accordingly, for the reasons expressed, we answer the certified question in the negative and we approve the decision below. Further, we disapprove Gloger and Franklin to the extent that they are inconsistent with the reasoning set out in this opinion.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.