FARMER, Judge.
The trial judge denied a motion for summary judgment. The motion sought to avoid a trial on the grounds of workers compensation immunity. The order simply denied the motion for summary judgment without stating the basis for the denial. We relinquished jurisdiction to the trial court to explain whether the denial was based on a determination that there was no workers compensation immunity as a matter of law under any set of facts plaintiffs could prove, or whether instead the court simply found triable issues. On remand the trial court entered an order stating that he denied the motion because “there were genuine issues of material fact.” He added that:
“At the time this writer entered the original order, this Court was of the opinion that the motion failed both because the Defendant did not meet its procedural burden under Florida Rule of Civil Procedure 1.510 [f.o.] and because the materials presented did not establish the Defendant’s entitlement to workers compensation immunity.
“This writer denied the motion on the procedural ground since there was no showing that Chapter 440 changed the procedural requirements of the summary judgment rule, [f.o.] This Court wishes to again deny the motion on the same procedural ground, however the relinquishment of jurisdiction mandates that this writer ‘expressly determine whether appellant is or is not entitled to workers compensation immunity ... ’.
“Based on the materials provided to the court at the hearing ... and the authority cited by plaintiffs, the Defendant[’s] ... Motion for Summary Judgment is denied. The Defendant is not entitled to workers compensation immunity in this case under Florida Statute § 440.11(1).”
It is clear to us that the denial is based on the presence of disputed, triable issues of fact and not because the court has concluded that the workers compensation defense should succeed no matter what plaintiffs prove at trial.
While jurisdiction was relinquished to the trial court, the supreme court released its opinion in Hastings v. Demming, 694 So.2d 718 (Fla.1997). In that case, the supreme court has disapproved our decision in Breakers Palm Beach Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), in which we broadly construed rule 9.130(a)(3)(C)(vi) to permit review of any order denying summary judgment on workers compensation immunity grounds, even when the denial is based on disputed issues of fact. The court explained that the text of the rule had recently been changed to eliminate confusion as to the extent of district court jurisdiction over appeals of the kind involved in this ease. It then held:
“Nonfinal orders denying summary judgment on a claim of workers’ compensation immunity are not appealable unless the trial court order specifically states that, as *560 a matter of law, such a defense is not available to a party. In those limited cases, the party is precluded from having a jury decide whether a plaintiffs remedy is limited to workers’ compensation benefits and, therefore, an appeal is proper. Otherwise, the denial of the summary judgment may be based on a factual dispute and the party is still likely able to present an immunity defense to the jury. In those cases, the new rule makes clear that the district courts have no jurisdiction to hear an appeal of the nonfinal order.”
694 So.2d at 720.
Based on Hastings, we conclude that we lack jurisdiction over this appeal, and it is therefore
DISMISSED.
STONE, C.J., and DELL, J., concur.