672 So.2d 611 (1996)
ACT CORPORATION, Appellant,
v.
Mary DEVANE and Steve Devane, Appellees.
No. 95-1879.
District Court of Appeal of Florida, Fifth District.
April 26, 1996.
*612 Judson I. Woods of Coble, Woods, Seps, Webster, Clayton & Teal, P.A., Daytona Beach, for Appellant.
David A. Vukelja of David A. Vukelja, P.A., Ormond Beach, for Appellees.
DAUKSCH, Judge.
ACT Corporation appeals a non-final order denying a motion for summary judgment. Appellant claims that the order is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi), which permits review of an order determining that a party is not entitled to worker's compensation immunity as a matter of law.
The pending amended complaint alleges that appellee, Mary Devane, while employed as a residential counselor at a runaway shelter, was attacked and injured by a minor ward of the Department of Health and Rehabilitative Services. HRS contracted with ACT to maintain physical custody of the minor, and she was one of the residents at the shelter. HRS was the legal custodian of the minor, who had an extensive history of criminal assault, behavioral disorders, drug and alcohol abuse, inappropriate sexual behavior, aggression and violence. As a result of the attack, Mary Devane suffered serious and permanent injuries, including brain damage. Devane received over $1,000,000 in worker's compensation benefits and future medical and wage loss benefits. The underlying civil action seeks damages from ACT and various third parties for gross negligence and culpable negligence. ACT filed a motion for summary judgment claiming worker's compensation immunity from civil action pursuant to section 440.11, Florida Statutes (1995). After the hearing on ACT's motion, the trial judge wrote to Devane's counsel instructing him to prepare a proposed order reflecting that ACT's motion would not be ripe for hearing until Devane had been allowed a good faith opportunity to complete discovery. The court entered an order on June 7, 1995. That order was set aside by the order being appealed, which was entered on June 21, 1995. The appealed order denied the motion for summary judgment. However, the court indicated that it was vacating the prior order because the better approach is to deny the motion for summary judgment without prejudice to the motion being raised again when Devane completes discovery.
When employers properly secure worker's compensation coverage for their employees, employers are provided with immunity from suit by their employees so long as the employer has not engaged in any intentional act designed to result in or is substantially certain to result in injury or death to the employee. See Eller v. Shova, 630 So.2d 537 (Fla.1993). In at least two cases, appellants successfully argued that their civil actions against employers for intentional torts should not be barred by a claim of worker's compensation immunity. See Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990); Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990). In these cases, it was alleged that employers deceived or covered up dangers involving the workplace or job, thereby preventing employees from becoming fully aware of those dangers and precluding them from making an informed decision whether to continue employment or perform the assigned task.
The amended complaint in the instant case alleged that ACT, against its stated policy, knowingly housed HRS wards with criminal histories and behavioral disorders at its unsecured facility in order to obtain state money. The complaint further alleged that ACT intentionally subjected its counselors to serious bodily harm because no security precautions were taken in response to the heightened risk of danger. It is also alleged that ACT initially misrepresented material facts to Devane, concealing the history of violence and attacks upon counselors and the type of juveniles allowed at the shelter; subsequently misrepresented to Devane once she learned the true situation that additional personnel and training would be provided to assist in supervising the HRS wards housed at the shelter; and, failed to disclose the history of violence and disruptive behavior of the minor resident who attacked her. ACT's omissions, misrepresentations and method of operation allegedly created an inherently dangerous and chaotic environment where counselors *613 were routinely battered. Nevertheless, counselors were not permitted by ACT to physically search residents for any reason and the shelter was still run as a home for non-violent runaways. According to the complaint, even though ACT was aware that its counselors had been routinely subjected to abuse, assault and battery it refused to provide additional security, thereby ensuring the virtual certainty of future injury or death.
On appeal, ACT argues that the liability of an employer under the worker's compensation law is exclusive and Devane's active pursuit of worker's compensation benefits constituted an election of remedies. ACT's issues are premature. Because the worker's compensation immunity conferred by statute appears not to be absolute, the trial court has allowed Devane a reasonable opportunity to conduct discovery to enable her to address the merits of ACT's motion for summary judgment. The trial court was reluctant to recognize worker's compensation immunity as a matter of law until the undisputed facts show that no other remedy is available.
The order being appealed was entered "without prejudice" to ACT to renew its motion after discovery, so a ruling on the merits has been deferred and the trial judge has not determined whether ACT is entitled to worker's compensation immunity. In City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996), this court in dicta rejected the view that Rule 9.130(a)(3)(C)(vi) only permits review of orders that determine once and for all that there is no worker's compensation immunity. The court's discussion as to Rule 9.130(a)(3)(C)(vi) was dicta because the defendant did not timely appeal from the order denying the motion for summary judgment. This court cited with approval Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994). In Breakers Palm Beach, the order under review denied a motion for summary judgment claiming worker's compensation immunity because there were disputed issues of material fact. The Fourth District Court of Appeal concluded that the non-final order was appealable even though the order only determined that the affirmative defense of worker's compensation immunity was an issue of fact.
The instant case is distinguishable because the trial court in denying the motion for summary judgment made no legal ruling nor found that there were disputed issues of material fact regarding worker's compensation immunity. The court as a procedural matter simply allowed discovery based on the allegations in the complaint. Instead of denying the motion for summary judgment, the trial court could have simply deferred ruling on the motion. However, the court did not err in refusing to entertain the motion for summary judgment until discovery was completed. A motion for summary judgment, unlike a motion to dismiss, is generally not made until the facts are developed through discovery. See Fla.R.Civ.P. 1.510(c).
An order which denies as premature a motion for summary judgment claiming workers' compensation immunity should not be considered an appealable order under Rule 9.130(a)(3)(C)(vi). Therefore the appeal is dismissed. Cf. Integrity Homes of Central Florida, Inc. v. Goldy, 672 So.2d 839 (Fla. 5th DCA 1996) (where defendant appealed order denying motion for summary judgment which claimed worker's compensation immunity, appealed order was dismissed because record failed to show that trial court ruled defendant was not entitled to immunity as a matter of law). If the trial court eventually decides that there are disputed issues of material fact that preclude summary judgment, ACT can appeal from that order. City of Lake Mary, supra; Breakers Palm Beach, Inc. v. Gloger, supra.
APPEAL DISMISSED.
PETERSON, C.J., and ANTOON, J., concur.