691 So.2d 560 (1997)
Ronald STUCKI, Appellant,
v.
Michael HOPKINS, Appellee.
No. 96-2968.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
*561 Stephen A. Weinstein of Unger, Swartwood, Latham & Whitaker, P.A., Orlando, for Appellant.
Robert M. Gardner and Michael F. Sutton of Morgan, Colling & Gilbert, P.A., Orlando, for Appellee.

EN BANC ON MOTION TO DISMISS
W. SHARP, Judge.
Appellee (Hopkins) filed a motion to dismiss appellant's (Stucki) non-final appeal, on the ground this court lacks jurisdiction to hear it, pursuant to Florida Rule of Procedure 9.130(a)(3)(C)(vi). We grant the motion and dismiss the appeal.
Hopkins sued Stucki below for personal injuries he suffered as a worker on a construction job. Stucki was the landowner, who "pulled" the construction permit. Stucki filed a motion for summary judgment on the ground that he was entitled to immunity under Florida's Workers' Compensation Laws. The trial court denied Stucki's summary judgment motion on the ground that "[T]here was a genuine issue of material fact as to whether the defendant, Ronald Stucki, was entitled to immunity from suit under the workers' compensation laws, sections 440.10 and 440.11, Florida Statutes." Stucki appealed the denial pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi).
We elect to hear this matter en banc, in order to clarify this court's interpretation of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). That provision gives the appellate courts jurisdiction to hear non-final appeals from orders determining "that a party is not entitled to workers' compensation immunity as a matter of law;..." (emphasis supplied) This somewhat ambiguous rule is possible to interpret in two ways. As Hopkins points out, as does Judge Lazzara in Hastings v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996), this court has interpreted the rule differently in recent cases. See Integrity Homes of Central Florida, Inc. v. Goldy, 672 So.2d 839 (Fla. 5th DCA 1996); ACT Corporation v. Devane, 672 So.2d 611 (Fla. 5th DCA 1996); City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996).
Integrity Homes held that the denial of a motion for summary judgment, which had been based on the movant's claim of workers' compensation immunity, did not entitle the movant to an immediate appeal pursuant to rule 9.130(a)(3)(C)(vi) where the record failed to demonstrate the lower court had not denied the defense, as a matter of law. (emphasis added) The case implied that if the denial were based on the existence of disputed material facts in the lawsuit, the resolution of which would control the availability of the immunity defense, a non-final appeal would not be permitted under the rule. However, if material facts were not in dispute, and the trial court ruled as a matter of law that the employer was not entitled to the immunity defense, then a non-final appeal would be proper.
The City of Lake Mary v. Franklin case, at best, was dictum on this point. In that case, the trial court denied the City's motion for summary judgment which asserted workers' compensation immunity, but the denial was not timely appealed. The City sought to appeal the trial court's denial of an instruction based on workers' compensation immunity. That is not an appealable non-final order. Thus, the cause was dismissed. However, the court noted that it thought the Florida Supreme Court intended for a non-final appeal to lie for all summary judgment orders that deny the immunity defense, even in cases where the trial court viewed the issue of immunity as involving unresolved factual questions as well as legal questions, citing Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994).
In ACT Corporation, the trial judge denied the employer's motion for summary judgment premised on the immunity defense, on the ground that the motion was premature because the plaintiff-employee had not completed her discovery. This court concluded *562 that it was proper for the trial court to allow the plaintiff a reasonable opportunity to conduct discovery to enable her to address possible facts and issues which might impact the immunity defense, prior to defending the motion for summary judgment. The court said:
The trial court was reluctant to recognize workers' compensation immunity as a matter of law until the undisputed facts show that no other remedy is available.
(672 So.2d at 613). ACT held that the order being appealed was not a ruling on the merits that the employer was not entitled to workers' compensation immunity, "as a matter of law." It dismissed the appeal.
However, the ACT opinion, by way of dictum, approved Judge Klein's opinion in Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994). It said in ACT that if the lower court eventually ruled there were disputed issues of material fact that precluded summary judgment, the employer could then bring a non-final appeal from that ruling, pursuant to rule 9.130(a)(3)(C)(vi). Although the holdings of these three cases are not directly in conflict, we agree the dicta certainly are, and any confusion resulting from this state of affairs should be remedied by this court's en banc procedures.
While this cause was pending in this court, Judge Lazzara's opinion in Hastings v. Demming 682 So.2d 1107 (Fla. 2d DCA 1996) reached us. It departs from (at least) the dictum in Ross v. Baker, and follows two more recent cases from the Second District. See Pizza Hut of America, Inc. v. Miller, 674 So.2d 178 (Fla. 2d DCA), rev. granted, 683 So.2d 484 (Fla.1996); American Television and Communication Corporation v. Florida Power Corporation, 679 So.2d 1190 (Fla. 2d DCA 1996). We agree with Judge Lazzara's interpretation of rule 9.130(a)(3)(C)(vi) that a trial court's denial of a party's motion for summary judgment, because there are unresolved disputed issues of material fact, which will determine whether the workers' compensation defense is available, is not an order that denies a party workers' compensation immunity "as a matter of law." An order denying a summary judgment motion because there are unresolved or disputed issues of fact, which affect the immunity defense, is not therefore appealable under rule 9.130.
This interpretation limits non-final appeals under this rule to those cases where it is appropriate for a trial court to rule, as a matter of law, that the immunity defense is not available. The case must be ripe for such a ruling,[1] and there must be no unresolved material facts concerning the immunity defense which require resolution by a jury or fact-finder.[2] However, there may be appropriate non-final appeals under this rule in cases where the disputed facts do not impact the immunity defense.
A contrary view would lead to a host of non-final appeals in which the appellate court performs no more function than returning the cause to the trial court for resolution of factual disputes. That would be a waste of appellate resources. The general policy of denying non-final appeals from the garden variety denial of summary judgments by trial courts because of disputed material facts should control in workers' compensation cases, if such a factual dispute exists, and if those issues are material to the determination of the immunity defense.
After this opinion had been written, the parties filed a joint motion to dismiss on the grounds that the recent amendment to Florida Rule of Appellate Procedure 9.130(a)(C)(vi),[3] answers the question of appealability of the non-final order sought to be reviewed in this case. It provides that non-final review for orders determining "that, as a matter of law, a party is not entitled to workers' compensation immunity; ...." This revision moves the phrase "as a matter of law" from the end of the sentence to the beginning, thereby resolving the confusion in interpreting this category of non-final appeals mentioned in Judge Klein's opinion. Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994). Although the amendment took effect after the summary *563 judgment was rendered in this case, rule changes are procedural in nature and can be applied retroactively. State v. Jackson, 478 So.2d 1054 (Fla.1985). The amended rule presents an additional ground for our dismissal of this non-final appeal because of lack of jurisdiction.
Non-Final Appeal DISMISSED.
PETERSON, C.J., and DAUKSCH, COBB, HARRIS, THOMPSON and ANTOON, JJ., concur.
GRIFFIN, J., concurs specially in part, and dissents in part, with opinion, in which GOSHORN, J., concurs.
GRIFFIN, Judge, concurring in part; dissenting in part.
The appellant and appellee have sought voluntarily to dismiss this appeal in recognition of the supreme court's recent clarification of the intent of the rule. See committee notes to Rule 9.130 in Amendments to Fla. R. of App. P., 685 So.2d 773 (Fla.1996). The question posed on appeal has been answered in the amendment. The parties' motion should be granted. I further disagree that the rule amendment applies to this case except to the extent that it informs us as to what the high court thought it was saying in the prior version of the rule. Rule amendments are prospective unless they expressly provide otherwise.
GOSHORN, J., concurs.
NOTES
[1] See ACT Corporation v. Devane, 672 So.2d 611 (Fla. 5th DCA 1996).
[2] See Integrity Homes of Central Florida, Inc. v. Goldy, 672 So.2d 839 (Fla. 5th DCA 1996).
[3] Amendments to the Rules of Florida Appellate Procedure, 685 So.2d 773 (Fla.1996), released November 22, 1996.