PER CURIAM.
Appellants have appealed to this Court from an order of the Leon County Circuit Court dismissing their amended complaint for declaratory judgment. Essentially, appellants sought a decree declaring “that the public school financing laws of the State of Florida are void and unconstitutional as depriving the children of the plaintiffs’ counties and other urban counties of due process of law, of equal protection of laws, and an adequate provision for uniform system of free public schools as guaranteed by the Federal and State Constitutions
In its order of dismissal, the trial court stated:
“This cause coming on this day to be heard upon the motion heretofore filed herein to dismiss the amended complaint, and the Court having heard argument of counsel for the respective parties, and, in addition to entertaining grave doubt as to whether the plaintiffs have shown or alleged a proper standing for bringing the action, the Court is of the opinion that such complaint is insufficient and inadequate and fails to state a cause of action, and the Court being otherwise duly advised, it is, therefore
“ORDERED AND ADJUDGED that the said amended complaint should be and the same is hereby dismissed with *658 leave unto plaintiffs to serve and file an amended complaint herein within thirty days from the date hereof if they be so advised.”
An order of dismissal granting leave to amend is interlocutory in nature until expiration of the amendment period and entry of final judgment by the trial court. Hancock v. Piper, 186 So.2d 489 (Fla.1966). In the instant case, notice of appeal challenging the propriety of the order of dismissal was filed in this Court prior to expiration of the 30 day amendment period and entry of final judgment. Thus the appeal is premature and interlocutory in nature, although clearly intended to constitute a full appeal from a final judgment. However, because leave to amend was allowed by the trial court solely for appellants’ benefit, no prejudice to the rights of the parties can have resulted from appellants’ failure to wait for completion of the amendment period before filing notice of appeal. Therefore, we have decided not to dismiss the instant appeal, but instead to relinquish jurisdiction of the cause to the Leon County Circuit Court for entry of final judgment. Following entry of such order the trial court is directed to return the cause to this Court for determination of jurisdiction. Within 30 days after final judgment is entered, appellants may, if they so desire, file in this Court a new notice of appeal directed to the final judgment. If this course is taken the present interlocutory appeal will merge with the full appeal, and appellants’ procedural error will be corrected without further inconvenience to the parties or the Court.
One further problem confronts us. Appeal was perfected in this Court because appellants were of the view that in dismissing their amended complaint the trial court necessarily passed on the validity of the public school financing law. Finding ourselves unable to determine the soundness of this contention, we temporarily relinquished the cause to the trial court for clarification. In response, the trial judge advised us that he did not pass on the validity of a statute or construe a controlling provision of the Constitution in his order of dismissal.
Appellants are dissatisfied with this clarification. They continue to maintain, by “Motion to Retain Jurisdiction”, that the trial court must have passed on the validity of the public school financing law in order to have dismissed the complaint for failure to state a cause of action. Without in any way intending to suggest agreement with this view, we believe that a further clarification of the order of dismissal would serve the best interests of justice by facilitating matters before the Court. In this context, we note that it will be necessary to relinquish the cause to the trial court for entry of final judgment in any event; therefore, we are persuaded that the most expeditious course of action would be for the trial judge to set forth the reasons which led him to dismiss the amended complaint in the final judgment itself. Such a procedure would be invaluable to this Court in reaching its jurisdictional determination. Accordingly, we ask the indulgence of the trial court in this matter, and request that a further clarification of the order of dismissal be incorporated in the final judgment.
The cause is temporarily relinquished to the Circuit Court in and for Leon County for entry of final judgment dismissing the amended complaint of plaintiffs below. Following entry of such judgment the trial court is directed to return the cause to this Court for further proceedings.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.