527 So.2d 899 (1988)
Penny BYRD, Marjorie K. Hensley, Janey Mainard Swahn, Debbie K. Smith, Mary Ann Vanlandeghem, and Denise Larson, All Individuals, Appellants,
v.
RICHARDSON-GREENSHIELDS SECURITIES, INC., a New York Corporation, Authorized to Do Business in the State of Florida; and Interstate Securities Corporation, a North Carolina Corporation, Authorized to Do Business in the State of Florida, Appellees.
No. 87-1368.
District Court of Appeal of Florida, Second District.
June 24, 1988.
David M. Lipman, Robert E. Weisberg and Stefan Ruud of Lipman & Weisberg, Miami, and Rochelle Z. Catz, Fort Myers, for appellants.
Terence G. Connor and Claudia B. Dubocq of Morgan, Lewis & Bockius, Miami, for appellees.
LEHAN, Judge.
This case involves the exclusivity of remedies provided by the workers' compensation laws which precludes a common law suit against a corporate employer for alleged emotional injuries to an employee resulting from conduct of another employee.
Plaintiffs, female employees, appeal the trial court's dismissal with prejudice of counts of their amended complaint against defendant employers for compensatory and punitive damages for the tort of intentional infliction of emotional distress. There are two defendant employers because the offices and business of one of them in a particular location were acquired by the *900 other during the course of the conduct which allegedly injured plaintiffs. That conduct was by a male who was also employed by defendants.
The amended complaint alleges that the male employee, a branch manager, made nonconsensual, physical contacts with plaintiffs by touching them repeatedly in various particularly described ways, the nature of which was more than slight or incidental, and made verbal advances in an attempt to force them into sexual activities. It is alleged that defendant employers gave tacit approval to the conduct of the branch manager by having failed to investigate plaintiffs' complaints thereof. The nature of the alleged injuries is characterized in plaintiffs' argument that "the essence of the injury is intimidation of women employees mentally and emotionally" and "the essence of this lawsuit is `nonphysical' ... for the emotional anguish and stress caused by their boss' [sic] sexual harassment."
Plaintiffs contend that the trial court erred in ruling that the exclusivity of workers' compensation remedies bars this suit against the employers. We affirm. The following summarizes our reasons. We conclude that by reason of a pleading deficiency no cause of action was stated against the employers. Although the amended complaint could be further amended to cure the deficiency, such further amendment would be futile because the workers' compensation laws provide the exclusive remedy in this case. The workers' compensation laws cover emotional injuries resulting from not insubstantial physical contacts, and the exclusivity of workers' compensation remedies against an employer is not precluded by an intentional tort committed by an employee who was the active tort-feasor  and was not the alter ego of the employer  when the involvement of the employer is no more than its having had notice of prior such conduct by the active tortfeasor.
Some other aspects of this suit which we do not address in this opinion should be noted. There were also counts against the employers alleging negligent hiring and retention of the branch manager. One of these counts additionally alleges negligent hiring and retention by one of the employers of another branch manager. These counts against the employers were dismissed with prejudice.[1] This suit further includes counts against one of the branch managers for intentional infliction of emotional distress and for common law assault and battery. These counts against the branch manager were dismissed with leave to amend.
We do not initially address plaintiffs' contention that the trial court erred in its ruling that the workers' compensation laws provide the exclusive remedies against the employers. Plaintiffs characterize that contention as involving the transcendent issue in this case. That may well be. But, as the Florida Supreme Court said in Fisher v. Shenandoah General Construction Co., 498 So.2d 882, 883 (Fla. 1986), a district court of appeal in a suit alleging an intentional tort "should not ... [address] the relationship between intentional torts and the Workers' Compensation Act without first answering the threshold question of whether the ... complaint stated a cause of action for intentional tort." Id. at 883. We will therefore first address whether the amended complaint states a cause of action against the employers.
*901 The allegations against the employers are that their "failure to investigate the Plaintiff's [sic] and other complaints ... gave tacit approval" to the conduct of the branch manager. But in the counts for intentional infliction of emotional distress there are no allegations indicating whether the recipients of the complaints were management level personnel who functioned as the alter egos of the corporate employers. Absent at least notice to a person who can genuinely be characterized as the alter ego of a corporate employer, there can be no vicarious liability of the employer for intentional acts of lower level employees who, like the branch manager here, were the active tort-feasors. See Schwartz v. Zippy Mart, Inc., 470 So.2d 720, 724 (Fla. 1st DCA 1985); Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977). The lack of such allegations concerning the recipients of the complaints precludes a case for vicarious liability of the employers. Alexander.
The trial court's dismissal of the allegations against the employers was, as we have said, with prejudice and on the basis of the exclusivity of workers' compensation remedies. If the dismissal had been for failure to state a cause of action, which is an initial basis for affirmance as we have explained, plaintiffs may then have requested, and the trial court may have granted, leave to file a further amended complaint. It is apparent from other allegations of the amended complaint which were not incorporated into the allegations of intentional infliction of emotional distress that plaintiffs could amend in that regard. It may therefore seem only fair that plaintiffs upon remand from this appeal be allowed to so amend. However, as we have said, any such further amendment would be futile because we are affirming the trial court's ruling that the exclusivity of workers' compensation remedies bars this suit against the employers.
The issue as to the exclusivity of workers' compensation remedies was considered by the First District Court of Appeal in two cases under circumstances similar to those alleged here. Those were Brown v. Winn-Dixie Montgomery, Inc., 469 So.2d 155 (Fla. 1st DCA 1985), and Schwartz. In those cases the issue received in-depth, en banc consideration which was extensively explained in the various opinions filed by judges of that court. In those cases the fact that physical contacts had been made with the plaintiffs was determinative of the conclusion of the per curiam opinions that the workers' compensation laws were applicable to alleged emotional injuries of the type involved, which were the type of injuries alleged to be involved in the case at hand. On that basis, as well as an additional basis, it was concluded that the workers' compensation laws provided the exclusive remedies. That additional basis, which would be applicable to the case at hand even if plaintiffs in this case were to amend to cure the pleadings defect described above, was that there was, from the employer's prior notice of a non-alter ego employee's intentional conduct which is alleged to have injured plaintiff employees, no "intention or direction" on the part of the employer sufficient to render the exclusivity of workers' compensation laws inapplicable. Schwartz, 470 So.2d at 724-25. "Although the appellants claim that [the employer] was aware of a propensity of [the tort-feasor employee] to commit such acts, such awareness does not bring this case within the ... exception [excepting from workers' compensation exclusivity intentional torts of employers]." Brown, 469 So.2d at 157. See also Studstill v. Borg Warner Leasing, 806 F.2d 1005 (11th Cir.1986).
The kind of tortious intention or direction of an employer against an injured employee which would render the exclusivity of workers' compensation remedies inapplicable was described by the Florida Supreme Court in Fisher and in Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla. 1986), as follows: "In order for an employer's actions to amount to an intentional tort, the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death." Fisher, 498 So.2d at 883. "This standard requires more than a strong probability of injury. It requires virtual certainty... . even if *902 [defendant employer] is guilty of gross negligence." Lawton, 498 So.2d at 880-81.
It has been argued in this case, as had been argued in Schwartz, that remedies under the workers' compensation laws for injuries in this type of situation are insufficient in that they are limited to medical expenses or disability which could not be claimed by plaintiffs. However, as was pointed out in that case, "If the injury is one encompassed within the act, as here, the fact that [plaintiffs'] injuries are not compensable ones does not destroy the immunity provisions of the act." 470 So.2d at 723. And, if the remedies provided by the act are insufficient, then, as the First District also said in Schwartz in another context, "If this is true, it should be addressed by the legislature." Id. Further bearing upon this aspect is the following statement by the New Jersey Supreme Court in Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 501 A.2d 505 (1985), which was cited by the Florida Supreme Court in Fisher, 498 So.2d at 884, "[A]ll policy arguments regarding any ineffectiveness in the current compensation system ... are within the exclusive province of the legislature." 101 N.J. at 179-80, 501 A.2d at 515. This is of course a reflection of the constitutional doctrine of separation of powers.
It has been unnecessary for us to address, and this opinion is not intended to imply, whether a cause of action was pleaded against the branch manager for the tort of intentional infliction of emotional distress. As we have said, that was the subject of a dismissal with leave to amend which is not involved in this appeal.
We certify to the Florida Supreme Court, as of great public importance, the contention in this case concerning the exclusivity of workers' compensation remedies.
Affirmed.
CAMPBELL, A.C.J., concurs.
SCHOONOVER, J., concurs in result only.
NOTES
[1] We are treating this case as though it is an appeal only from the dismissal of the counts against the employers for the tort of intentional infliction of emotional distress even though the appeal is from the order dismissing the amended complaint and the trial court, in dismissing the amended complaint with prejudice, also so dismissed the additional counts against the employers for negligent hiring and retention of employees. We so treat this case because it is unnecessary to separately deal with those additional counts here. To the extent the additional counts are founded upon negligence, the exclusivity of workers' compensation remedies clearly applies. To the extent plaintiffs' alleged injuries were of the type covered by the workers' compensation laws, our opinion in that regard with respect to the dismissal of the counts for intentional infliction of emotional distress applies equally to the dismissal of the counts for negligent hiring and retention of employees.