746 So.2d 1159 (1999)
CITY OF MIAMI BEACH, Appellant,
v.
Alina GUERRA, Appellee.
No. 99-827.
District Court of Appeal of Florida, Third District.
November 24, 1999.
Murray H. Dubbin and Mark Goldstein and Donald M. Papy, Miami Beach, for appellant.
Donna M. Ballman, North Miami Beach, for appellee.
Before NESBITT, GODERICH, and SORONDO, JJ.
NESBITT, J.
Alina Guerra was a communications division employee of the Miami Beach Police Department. Her one-count complaint for negligence against the City alleged that she was subjected to a pattern of sexual harassment as a Miami Beach Police Department employee. The one count amended complaint alleged that, as Guerra had informed her supervisor of the harassment, the City had a duty to ensure a safe work place and to protect her from a "hostile work environment." The City moved for summary judgment on the grounds that there is no recognition in Florida law for a negligence action based on alleged sexual harassment in the workplace. The motion was denied, and the trial court allowed the case to proceed under a common law negligence theory for sexual harassment. The jury found for Ms. Guerra. The City's post-judgment motions for a new trial and JNOV were denied. This appeal follows. Since we hold that Florida does not recognize a cause of action for sexual harassment under a common law negligence theory, we reverse.
Ms. Guerra argues that the Supreme Court of Florida's opinion in Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), permits a cause of action for common law negligence for sexual harassment. However, the court in Byrd specifically declined to reach this issue. Id. at 1105.
We agree with the holding in Vernon v. Medical Management Assocs. of Margate, Inc., 912 F.Supp. 1549 (S.D.Fla.1996), in which Judge Marcus discussed the Byrd decision:

*1160 Although the Court's opinion contains expansive language which might suggest that it was recognizing a new tort, when read carefully and considered in the context of the specific facts of Byrd, it seems clear that the Florida Supreme Court did not intend to establish a new common law tort related to sexual harassment. Rather, it appears that the Court simply adopted the more narrow position that corporations that allow employees to commit intentional torts such as battery, intentional infliction of emotional distress or assault as part of a sexually harassing environment can no longer hide behind the workers' compensation exclusion rule to escape liability.
Id. at 1564. Therefore, since the only count contained in Ms. Guerra's complaint is for a cause of action that does not exist, the final judgment is reversed.