932 So.2d 1272 (2006)
FOOTSTAR CORPORATION, a foreign corporation; f/k/a and a/k/a Foot Action, Inc., a foreign corporation; f/k/a and a/k/a Foot Action USA, a foreign corporation; f/k/a and a/k/a Regency Square Foot Action 209, f/k/a and a/k/a Gulf View Square Foot Action, f/k/a and a/k/a Foot Action, Appellant,
v.
John DOE and Jane Doe, as next friends and guardians of Minor Child, Appellees.
No. 2D05-4134.
District Court of Appeal of Florida, Second District.
July 14, 2006.
*1273 Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, for Appellant.
Kennedy Legler, III, and Edwin Bradley of Legler & Flynn, Bradenton, for Appellees.
PER CURIAM.
Footstar Corporation, a footwear retailer, appeals from an order denying its motion for summary judgment based on its affirmative defense of workers' compensation immunity. We must dismiss this case for lack of jurisdiction.
*1274 The substance of the trial court's order is as follows:
Defendant's, Footstar Corporation, Motion for Summary Judgment is denied. See, Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 [(Fla.1989) ].
Although there is no common law cause of action for sexual harassment in Florida, City of Miami Beach v. Guerra, 746 So.2d 1159 (Fla. 3d DCA 1999), the Byrd decision apparently does not require a discr[ete] statutory cause of action for sexual harassment to be pled in order to avoid the exclusivity of the Workers' Compensation Act remedy.
Footstar contends that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) authorizes an appeal to the district court from this order. That rule provides jurisdiction over orders determining "that, as a matter of law, a party is not entitled to workers' compensation immunity." After oral argument and our further review of the parties' arguments and appendices, we realize that Footstar is incorrect and that this court lacks jurisdiction.
The order under review does nothing more than simply deny the defendant's motion for summary judgment. The order does not explicitly state, as a matter of law, that Footstar is not entitled to rely upon a workers' compensation immunity defense at trial, nor does it enter judgment against Footstar on the issue of workers' compensation immunity. "There is no determination, on the face of the order, that the respondents are precluded and prohibited, as a matter of law, from asserting the application of workers' compensation immunity from liability at the time of trial." Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 821 (Fla.2004). The supreme court in Reeves reiterated its holding in Hastings v. Demming, 694 So.2d 718 (Fla.1997), in which it had settled a conflict among the district courts, and held that "[n]onfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party." Hastings, 694 So.2d at 720 (emphasis supplied). The clear language from Reeves and Hastings convinces us that the order is not appealable unless it includes the specific words denying the motion as a matter of law; the appellate court cannot supply the jurisdictional language by inference. The order must "conclusively and finally determine[ ] a party's nonentitlement to such immunity." Pizza Hut of Am., Inc. v. Miller, 696 So.2d 340, 341 (Fla.1997).
The difficulty in this case stems from the state of the pleadings and the facts toward which the motion for summary judgment was directed. The trial court never determined that there was an absence of genuine issues of material fact, the prerequisite to determining entitlement to summary judgment as a matter of law. To the contrary, at the hearing on the motion for summary judgment, the trial court specifically stated that factual issues remained. Furthermore, the amended complaint, when examined in light of the law surrounding the availability of the workers' compensation immunity defense in the context of sexual batteries in the workplace, further obfuscated the issues. The trial court was precluded from determining, as a matter of law, that Footstar was not entitled to its workers' compensation immunity defense, and it did not do so.
Accordingly, this appeal is dismissed.
WHATLEY, J. and ANDREWS, MICHAEL F., Associate Judge, Concur.
*1275 CASANUEVA, J., Concurs specially with an opinion in which WHATLEY, J., Concurs.
CASANUEVA, Judge, Specially concurring.
I fully concur in the dismissal of this appeal for lack of jurisdiction. I write solely to elaborate upon the difficulty the plaintiffs will ultimately face in formulating a complaint that will survive Footstar's workers' compensation immunity defense.
The Does sued Footstar and alleged that their minor daughter, Ms. Doe, sustained damages during an episode that occurred during her brief employment as a sales clerk at a Footstar retail outlet. On the day of the incident leading to this lawsuit, Ms. Doe and her supervisor, Joel V. Cooper, were the only employees in the store when he allegedly directed her to accompany him to a back room to help him locate a pair of shoes for a customer. The Does' amended complaint asserts that Mr. Cooper then assaulted, sexually battered, and raped Ms. Doe. The amended complaint further alleges that these acts and other prior abusive and harassing conduct constituted Mr. Cooper's efforts to humiliate and control Ms. Doe as a subordinate employee. As a result of these acts, the Does claim that Footstar is legally responsible for damages to compensate them for Ms. Doe's continued extreme and debilitating humiliation, emotional distress, and loss of self-esteem and dignity.
Footstar's motion for summary judgment asserted that the exclusivity doctrine of the workers' compensation law barred the claim. Under the workers' compensation statutory scheme an employer is not liable in tort for injuries or damages sustained by an employee in the workplace. Instead, a form of strict liability has been placed upon the employer with a formula for payment to injured employees. See Seaboard Coast Line R.R. Co. v. Smith, 359 So.2d 427 (Fla.1978). The statutory scheme does not allow the injured employee to recover for certain noneconomic damages, such as pain, suffering, humiliation and emotional distress. See § 440.093, Fla. Stat. (2004) ("Nothing in this section shall be construed to allow for the payment of benefits under this chapter for mental or nervous injuries without an accompanying physical injury requiring medical treatment.").
Relying on Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), the trial court denied Footstar's motion. Additionally, the trial court concluded:
Although there is no common law cause of action for sexual harassment, City of Miami Beach v. Guerra, 746 So.2d 1159 (Fla. 3d DCA 1999), the Byrd decision apparently does not require a discr[ete] statutory cause of action for sexual harassment to be pled in order to avoid the exclusivity of the Workers' Compensation Act remedy.
In Byrd, 552 So.2d 1099, our supreme court answered in the negative a question that this court had certified in Byrd v. Richardson-Greenshields Securities, Inc., 527 So.2d 899 (Fla. 2d DCA 1988): whether the workers' compensation statute provides the exclusive remedy for a claim based on sexual harassment in the workplace. The plaintiffs in Byrd, female employees of the defendant corporation, asserted claims for assault, battery, intentional infliction of emotional distress, and negligent hiring and retention of a certain branch manager. Additionally, the plaintiffs sought damages for emotional anguish and stress. They alleged that the branch manager repeatedly touched them and made verbal sexual advances at their place of employment during work hours. Because it determined that, by statute, *1276 workers' compensation was the exclusive remedy for the plaintiffs' injuries, the trial court dismissed the tort claims. This court affirmed. 527 So.2d at 902.
In quashing this court's opinion, the supreme court's analysis began with the legal premise that generally workers' compensation "is the sole tort remedy available to a worker injured in a manner that falls within the broad scope and policies of the workers' compensation statute." Byrd, 552 So.2d at 1100. The recognized legislative intent behind the workers' compensation statute was to abolish potential liability arising from an employee's injury and to substitute the exclusive remedy provided by the workers' compensation statutory framework. Accidental injuries arising out of and in the course of employment would be covered; not covered were claims of mental or nervous injury absent physical injury. Id.
After completing its review of legislative intent, the supreme court stated, "[W]e cannot find that acts constituting sexual harassment were ever meant to fall under workers' compensation." Id. at 1102. In support of this conclusion, the court noted that both the state and federal governments had enacted legislation outlawing sexual harassment in the workplace. Id. at 1102-03
The supreme court highlighted the different nature of the injuries encompassed by the two statutory frameworks. Workers' compensation claims tend to address purely economic injury, i.e., lost resources and earnings. By comparison, sexual harassment claims involve "a much more intangible injury to personal rights." Id. at 1104. These intangible claims are generally based upon civil rights laws or similar legislation prohibiting sexual harassment or discrimination. Claims arising, as did the claims in Byrd, from workplace torts causing injury to intangible personal rights may stand and proceed outside workers' compensation immunity. Such claimants are not seeking compensation for lost wages or other economic losses as a result of their injuries; rather, they seek to vindicate the violation of their personal rights. Id.
Performing its obligation to construe the policies behind both the workers' compensation statutes and the statutes prohibiting sexual harassment in a manner that would promote each policy to the greatest extent, the supreme court concluded that placing claims involving sexual harassment under the workers' compensation exclusivity rubric would undermine the legislative policy against sexual harassment. "This, we cannot condone. Public policy now requires that employers be held accountable in tort for the sexually harassing environments they permit to exist, whether the tort claim is premised on a remedial statute or on the common law." Id. at 1104.
Having determined that sexual harassment torts would not come within the exclusive province of the workers' compensation remedies, the court then sought to provide guidance in discerning which claims could proceed as tort claims based upon either a remedial statute or the common law. The Byrd court pointed out that it had previously adopted a two-part test to determine what types of injuries are compensable under workers' compensation. The first inquiry explores whether the injury arose out of employment, that is, was the injury "caused by a risk inherent in the nature of the work in question?" Id. at 1104 n. 7 (citing Strother v. Morrison Cafeteria, 383 So.2d 623, 624-26 (Fla. 1980)). The second question asks whether the injury occurred in the course of employment and can be answered by determining whether the injury substantially originated "from the `time and space' of work, resulting in an injury directly linked *1277 to the work environment or work-related activities." Byrd, 552 So.2d at 1104 n. 7 (citing Strother, 383 So.2d at 625-26). The court concluded that a claim for sexual harassment does not come within the first prong of this test and, as a matter of public policy, should not and could not "be recognized as a `risk' inherent in any work environment." Byrd, 552 So.2d at 1104 n. 7. However, the court declined to express an opinion whether the complaint in Byrd alleged sufficient facts to state a common law cause of action. Id. at 1105.
The trial court in this case will ultimately be required to determine whether the Does have pleaded a cause of action and can demonstrate undisputed material facts that will survive Footstar's workers' compensation immunity defense for the intentional torts that occurred in the workplace. Thus, the question to be answered by the trial court is whether Byrd recognizes three types of sexual harassment claims: a statutory cause of action, whether pleaded under state or federal law; a common law cause of action; or a hybrid "Byrd cause of action," authorized by the supreme court's opinion.
The Byrd court focused on claims based upon remedial legislation, not upon any kind of new cause of action, and it reconciled two competing public policy issues. In scrutinizing the court's language, the reader will not find that the court designated any of the elements of a newly created cause of action. This failure to identify the elements of a cause of action is a critical factor. For example, most sexual harassment claims require either repeated or continued conduct, or both. See, e.g., Scelta v. Delicatessen Support Servs., Inc., 57 F.Supp.2d 1327 (M.D.Fla.1999). If the Byrd court intended to create a new cause of action, it would have set out its elements to guide both the courts and practitioners. Not only did the court fail to expressly identify the necessary elements of such a cause of action, it specifically declined to rule upon whether the complaint properly pleaded a common law claim.
Further support for this conclusion can be found in Sparks v. Jay's A.C. & Refrigeration, Inc., 971 F.Supp. 1433 (M.D.Fla. 1997). There, the federal district court cited with approval the reasoning of two other district courts and rejected the notion that Byrd recognized a new tort:
It must be stressed, however, at no point in the opinion did the court state that the prima facie elements of respondeat superior for claims arising out of sexual harassment had been modified. Moreover, at no point did the court mention the elements of Title VII respondeat superior liability, much less state that these elements had replaced or modified the standard prima facie elements of respondeat superior liability. Thus, any conclusion that employers are accountable under any common law tort theories when their employees engage in sexual harassment to the same extent that an employer would be liable under Title VII for the action of its employees is an expansive reading of Byrd that this Court cannot endorse. The Florida Supreme Court was not and did not address the prima facie elements of respondeat superior for torts arising out of sexual harassment claims in Byrd. The Byrd court only addressed the specific and narrow issue of whether the Workers' Compensation exclusivity rule barred claims based on sexual harassment.
Id. at 1439-40 (footnote omitted). The reasoning of Sparks is consistent with the Byrd opinion's extensive public policy discussion and the inevitable conclusion that Byrd did not create a separate, new tort of sexual harassment.
*1278 The Does clearly elected not to plead a claim under either federal or state anti-discrimination laws. To the extent that they sought to proceed on a nonexistent "Byrd" claim, I conclude that Footstar's workers' compensation exclusivity defense would bar their claim, or, perhaps, more simply, that dismissal is appropriate for failing to state a cause of action.
Furthermore, as the trial court observed in its order denying Footstar's motion for summary judgment, Florida does not recognize a common law cause of action for sexual harassment. Historically, employer liability for harassment originated in the common law principles of agency. Conduct of a servant in certain circumstances could render the master or employer liable. "Under Florida law, the underlying wrong allegedly committed by an employer in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." Scelta, 57 F.Supp.2d at 1348. Thus, in order to recognize a common law cause of action based on the alleged negligent failure to maintain a workplace free of sexual harassment, there must first exist a common law cause of action for sexual harassment, but Florida does not recognize such a cause of action. Id. Other cases have reached a similar conclusion, including the case cited by the trial court in its order denying summary judgment, City of Miami Beach v. Guerra, 746 So.2d 1159 (Fla. 3d DCA 1999). See also Castleberry v. Edward M. Chadbourne, Inc., 810 So.2d 1028 (Fla. 1st DCA 2002).
These cases appear to correctly reflect the state of the law today and highlight the difficult task that a plaintiff who has chosen not to plead a statutory cause of action for sexual harassment might face in overcoming an employer's workers' compensation immunity defense to a claim for intangible injuries suffered as a result of an intentional tort.
WHATLEY, J., Concurs.