980 So.2d 1266 (2008)
John DOE and Jane Doe, as next friends and guardians of Minor Child, Appellants,
v.
FOOTSTAR CORPORATION, a foreign corporation; f/k/a and a/k/a Foot Action, Inc., a foreign corporation; f/k/a and a/k/a Foot Action USA, a foreign corporation; f/k/a and a/k/a Regency Square Foot Action 209, f/k/a and a/k/a Gulf View Square Foot Action, f/k/a and a/k/a Palm Beach Foot Action, f/k/a and a/k/a Foot Action, and Joel Vincent Cooper, Appellees.
No. 2D07-2494.
District Court of Appeal of Florida, Second District.
May 9, 2008.
*1267 Kennedy Legler, III and Edwin J. Bradley of Legler & Flynn, Bradenton, for Appellants.
Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, for Appellee Footstar Corporation.
No appearance for Appellee Joel Vincent Cooper.
SILBERMAN, Judge.
John Doe and Jane Doe, as next friends and guardians of their minor daughter (the plaintiffs), appeal the trial court's final judgment on the pleadings entered in favor of Footstar Corporation.[1] We affirm.
The plaintiffs sued Footstar Corporation and Joel Cooper, claiming that Cooper had assaulted and sexually battered their daughter in the course and scope of his employment with Footstar. They alleged that Cooper and their daughter worked at the same Footstar retail outlet, Cooper as a store manager and the daughter as a sales clerk. The plaintiffs also sued Footstar, alleging that it had negligently hired, retained, supervised, and trained Cooper. Ultimately, the trial court entered a final judgment on the pleadings in favor of Footstar on the basis that the workers' compensation law barred the plaintiffs' claims. See § 440.11, Fla. Stat. (2000).[2]
We conclude that in the final judgment the trial court properly analyzed the applicable law as follows:
[T]he critical issue is whether the workers' compensation law bars the claim against Defendant Footstar. Defendant Cooper was an employee of Defendant Footstar and for whose conduct Plaintiffs seek to hold the employer liable.
Upon the arguments the Court concludes that Schwartz v. Zippy Mart, Inc., 470 So.2d [720,] 724 (Fla. 1st DCA 1985), Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989), and the analysis of the concurring opinion in this case on appeal, Footstar v. Doe, 932 So.2d 1272 (Fla. 2d DCA 2006), requires the granting of Defendant Footstar's motion.[3]Byrd did not create a new cause of action. The Byrd court declined to hold that the plaintiff's allegations of sexual harassment set forth a common law cause of action against the employer. Plaintiffs here assert that they are not attempting to state a cause of action either for sexual harassment or for a "Byrd cause of action," or even federal or statutory causes of action. Rather, Plaintiffs allege common law causes of action for negligent hiring, retention, and supervision and for assault, battery, and rape, and, by implication, urge this Court to conclude that the workers' compensation law is not a bar. Florida state-court appellate decisions relied upon by Plaintiffs to support their allegations were actions by plaintiffs who were not employees of the defendants. There is no exception to the exclusive remedy of the Florida workers' compensation law and this Court cannot create one under the facts of this case, as reprehensible as the *1268 conduct alleged by Plaintiffs appears to have been and as harsh as this result seems to be.
As Justice Grimes also noted in Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1105 (Fla.1989) (Grimes, J. concurring),
If the plaintiffs had suffered physical and emotional injuries as a result of sexual batteries perpetrated by the two employees whose conduct is complained of in this action, they would have a compensable workers' compensation claim and their lawsuit against the employer would be barred by virtue of the exclusiveness of the workers' compensation remedy.
See also Footstar Corp. v. Doe, 932 So.2d 1272, 1275-78 (Fla. 2d DCA 2006) (Casanueva, J. concurring) (discussing Byrd and workers' compensation law immunity in relation to the claims advanced in the present case). Because the workers' compensation remedy bars the plaintiffs' claims against Footstar, we are compelled to affirm the final judgment.
Affirmed.
FULMER and KELLY, JJ., Concur.
NOTES
[1] An earlier appeal in this case, seeking review of the trial court's denial of Footstar's motion for summary judgment, was dismissed for lack of jurisdiction. See Footstar Corp. v. Doe, 932 So.2d 1272, 1273 (Fla. 2d DCA 2006).
[2] The Does' claims against Cooper are not at issue in this appeal.
[3] We note that in Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1105 (Fla. 1989), the supreme court disapproved Schwartz v. Zippy Mart, Inc., 470 So.2d 720 (Fla. 1st DCA 1985) to the extent that Schwartz conflicted with the opinion in Byrd.