WHATLEY, Judge.
International Ship Repair and Marine Services, Inc. (ISR), Tad Humphreys, and Kirk Suchier filed a nonfinal appeal of a circuit court order denying their motion for summary judgment. Aníbal Aleman, as personal representative of the estate of Wilfredo Morales-Montalvo, filed suit against ISR, Tad Humphreys, and Kirk Suchier alleging claims for wrongful death against the three petitioners and also alleging a claim solely against ISR for vicarious liability.[1] The complaint alleged that Mr. Morales-Montalvo suffered a heat injury and death while working on a dry dock owned by ISR.
In their motion, the Petitioners asked the trial court to grant final summary judgment in their favor, arguing that pursuant to the Longshore and Harbor Workers’ Compensation Act (the Act) they had immunity from the lawsuit filed by Ale-man. In the order denying summary judgment, the trial court found as follows:
Mr. [Morales-jMontalvo was an employee of an employee-leasing company (Advanced Technology), and that the decedent took his directions and orders from International Ship Repair and Marine Services, Inc. (ISR), to whom he was assigned. This is the classic “borrowed servant” scenario. Mr. Montalvo was performing work under an agreement between the employee leasing company and ISR.
Despite the trial court’s apparent finding that Mr. Morales-Montalvo was a borrowed servant of ISR, it found that the Petitioners did not have immunity from the lawsuit. But see West v. Dyncorp, — Fed.Appx. -, 2005 WL 1939445 (11th Cir.2005) (holding that where employee was a borrowed servant of DynCorp, it was immune from suit under the Act for claims of negligence and strict liability); White v. Bethlehem Steel Corp., 222 F.3d 146, 151 (4th Cir.2000) (where employee was a borrowed servant, employer had immunity under the Act, and relief provided for in the Act was the employee’s exclusive remedy); Billizon v. Conoco, Inc., 993 F.2d 104, 105 (5th Cir.1993) (affirming summary judgment in favor of employer on the ground that employee was the employer’s borrowed employee, and therefore, the employer had tort immunity under the Act).
Regardless, this court does not have jurisdiction to review the nonfinal order and we therefore dismiss the petition. The order is not reviewable as a *823 nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C), because it does not state that an immunity defense based on the Act is not available to the Petitioners “as a matter of law.” See Hastings v. Demming, 694 So.2d 718, 720 (Fla.1997) (“Nonfinal orders denying summary judgment on a claim of workers’ compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party.”). We are not certain what the trial court actually intends by the order, but technically the Petitioners may still ask a jury to decide whether Aleman’s remedy is limited to Longshore and Harbor Workers’ Compensation benefits under the Act because the trial court did not resolve the issue “as a matter of law.” See Footstar Corp. v. Doe, 932 So.2d 1272, 1274 (Fla. 2d DCA 2006) (dismissing appeal where order did not explicitly state that, as a matter of law, the employer was not entitled to rely on a workers’ compensation immunity defense at trial, and it did not enter judgment against the employer on the issue of immunity).
Accordingly, because we do not have jurisdiction to review the nonfinal order pursuant to rule 9.130(a)(3)(C)(v), this court converted the appeal to a petition for writ of certiorari. However, we have determined that this court also does not have certiorari jurisdiction to review the order. Certiorari review of nonfinal orders is limited to orders that depart from the essential requirements of the law and result in material injury for the remainder of the proceedings for which there is no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
This case is similar to Reeves v. Fleetwood Homes of Florida, Inc., 889 So.2d 812, 814 (Fla.2004), where the personal representative of the estate of the employee filed a wrongful death action against the employer, Fleetwood Homes of Florida, and two of Fleetwood’s employees. Fleet-wood and the two employees moved for summary judgment based on the argument that they were entitled to immunity pursuant to the Workers’ Compensation Act.[2] Id. at 816. The trial court denied the motion after a hearing. Id.
The Florida Supreme Court held that the trial court order could not be reviewed under the district court’s certiorari jurisdiction. Id. at 822. The Reeves court noted it “has held that ‘common law certio-rari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.’ ” Id. (citing Martin-Johnson, Inc., 509 So.2d at 1098). The court held that the order did not meet the requirements to establish certiorari jurisdiction, reasoning as follows:
The simple denial of summary judgment did not depart from the essential requirements of the law, as it merely denied the respondents’ motion and recognized that the respondents had failed to satisfy their burden of demonstrating that they were entitled to judgment as a matter of law. Further, any error by the circuit court can be adequately remedied on appeal, should the circuit court ultimately determine that the respondents do not enjoy immunity from liability for their actions.
Id. at 822.
Based on the supreme court’s holding in Reeves, we conclude that this court does *824 not have certiorari jurisdiction to review the order and we dismiss the petition.
Dismissed.
ALTENBERND and WALLACE, JJ., Concur.

. The complaint alleged that Tad Humphreys is the president of ISR and that Kirk Suchier is an employee of ISR.

. § 440.11, Fla. Stat. (Supp.1990).