TAYLOR, J.
Plaintiff was employed as a receptionist for Vincent’s Men’s Hairstyling Shop, Inc. She filed a complaint against the shop alleging that its owner, Vincent Campo, touched her in a sexual manner on multiple occasions, causing her physical and emotional harm. Her complaint included claims against the shop for negligent retention and supervision (Count I) and vicarious liability (Count II), and a claim against Campo for battery (Count III).[1]
Defendants moved to dismiss her complaint, asserting that, though the complaint sounded in negligence, the complaint was actually for sexual harassment and discrimination; as such, plaintiff was required to comply with the pre-suit procedures set forth in Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. section 2000e-5(f)(l), and the Florida Civil Rights Act (FCRA), section 760.11, Florida Statutes (2009). The trial court agreed and granted defendants’ motion to dismiss. In addition, the trial court granted the defendants’ motion for attorney’s fees and costs under section 57.105, Florida Statutes (2009). Because the trial court’s dismissal of the complaint improperly foreclosed plaintiff from pursuing viable common law tort claims against her employer, we reverse.
At the outset, we reject defendants’ contention that the order dismissing plaintiffs complaint is not final for appeal *937 purposes because it was entered “without prejudice.” “[A]n order which strikes the entirety of a claim is the equivalent of an order which dismisses, and either is final. The phrase ‘with prejudice’ in such an order is redundant.” Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980). Here, when granting defendants’ motion to dismiss, the trial court stated that “Plaintiff may not re-file until such time as conditions precedent of sexual harassment statutes [are] met.” Because plaintiff maintained that her common law claims were viable under tort law, the trial court’s dismissal foreclosed any remedy based in tort and effectively ended the litigation on the merits. The order is thus reviewable on appeal.
We next address plaintiffs argument that the trial court erred in dismissing her claims because she failed to comply with the pre-suit procedures required by Title VII or the FCRA. Defendants persuaded the trial court that plaintiff couched her complaint in terms of a tort action in an attempt to circumvent the pre-suit procedures of Title VII and the FCRA. Accordingly, the court dismissed the complaint, believing it had no jurisdiction to hear the matter until those pre-suit requirements were satisfied.
Florida law permits multiple causes of action to co-exist. Florida Rule of Civil Procedure 1.110(g) states that “[a] pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined.” It further provides that “[a] party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both.”
In this case, plaintiff filed a three-count complaint for negligent retention and supervision, vicarious liability, and battery: Specifically, she alleged that she was battered by defendant Campo, that the battery resulted from the defendant hairstyling shop’s negligent retention and supervision of its employees, and that the shop was vicariously liable for the acts of its employees. The fact that the complaint alleges a “hybrid” of facts supporting both common law tort violations and statutory sexual harassment violations is not dispositive, as the allegations in plaintiffs complaint can stand on their own under common law. If, upon completion of the EEOC administrative process, plaintiff chooses to seek amendment of her complaint to add statutory sexual harassment claims, that is her prerogative. Meanwhile, plaintiff is free to file a complaint setting forth claims based on common law torts, as opposed to statutory violations. The trial court thus erred in dismissing her complaint. See Rivera v. Torfino Enters., Inc., 914 So.2d 1087, 1090 (Fla. 4th DCA 2005) (reversing dismissal of plaintiffs whistle-blower’s complaint against her former employer where anti-retaliatory provisions of both the Whistleblower’s Act and the Florida Civil Rights Act overlapped with each other and there was no reason for not harmonizing the statutes and giving effect to both); Underwood v. Rhone-Poulenc Rorer Pharm., Inc., 890 So.2d 429, 431 (Fla. 4th DCA 2004) (reversing summary judgment and holding that allegations under the Whistleblower’s Act and the Florida Civil Rights Act were intertwined and that at least some of them stated a cause of action precluding summary judgment).
Defendants argue that,. even if plaintiff set forth sufficient facts to establish common law tort claims, the Florida *938 Workers’ Compensation Act, §§ 440.015 and 440.11, Florida Statutes (2009), is the exclusive remedy against her employer. “[Workers’ compensation generally is the sole tort remedy available to a worker injured in a manner that falls within the broad scope and policies of the workers’ compensation statute.” Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1100 (Fla.1989). Section - 440.11 states that workers’ compensation is the exclusive remedy “in place of all other liability, including vicarious liability, of such employer to any third-party tortfea-sor and to the employee ... on account of such injury or death.” Section 440.02(19), Florida Statutes (2009), defines “injury” as a “personal injury or death by accident arising out of and in the course of employment. ... This damage must specifically occur as the result of an accident in the normal course of employment.”
In Byrd, the Florida Supreme Court adopted a two-part test to determine what types of injuries are compensable under workers’ compensation. 552 So.2d at 1104. First, the injury must “ ‘arise out of employment in the sense that it is caused by a risk inherent in the nature of the work in question.” Id. at 1104 n. 7 (citing Strother v. Morrison Cafeteria, 383 So.2d 623, 624-26 (Fla.1980). “It is immaterial whether the injury is caused by an intentional or unintentional act, so long as that act arose out of this type of risk.” Id. “Second, the injury must occur ‘in the course of employment.” Id. In other words, the question rests on whether the injury “substantially originated from the ‘time and space’ of work, resulting in an injury directly linked to the work environment or work-related activities.” Id. (citing Strother, 383 So.2d at 628).
Under this analysis, the Florida Supreme Court held that “as a matter of public policy, sexual harassment should not and cannot be recognized as a ‘risk’ inherent in any work environment.” Id. Moreover, the exclusiveness of recovery under workers’ compensation does not apply “[w]hen an employer commits an intentional tort that causes the injury or death of the employee.” See § 440.11(b). In order to circumvent recovery under workers’ compensation, the employee must prove, “by clear and convincing evidence, that ... [t]he employer deliberately intended to injure the employee; or ... [t]he employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings ... was virtually certain to result in injury or death to the employee.” See § 440.11(b)l and 2.
Accordingly, an employer cannot intentionally injure an employee and enjoy immunity from suit under the Workers’ Compensation Act. See § 440.11(b). “[A]n injury intentionally inflicted by the employer himself or his or her alter egos does not fall within these principles, since workers’ compensation was not established to excuse misconduct of this type.” Byrd, 552 So.2d at 1101 n. 5. (citing Schwartz v. Zippy Mart, Inc. 470 So.2d 720, 724 (Fla. 1st DCA 1985)). While the supreme court noted that Florida’s workers’ compensation act covered “a wide variety of injuries caused by intentional torts, provided there [was] a sufficient nexus with the activities of the workplace itself,” the court did not recognize a new cause of action for common law negligence for sexual harassment. Byrd, 552 So.2d at 1101. However, “it appears that the [Byrd] [e]ourt simply adopted the more narrow position that corporations that allow employees to commit intentional torts such as battery. ... as part of a sexually harassing environment can no longer hide behind the workers’ compensation exclusion rule to escape liability.” Vernon v. Med. Mgmt. Assocs. of *939 Margate, Inc., 912 F.Supp. 1549, 1564 (S.D.Fla.1996) (emphasis added).
In Doe v. Footstar Corp., 980 So.2d 1266, 1267-68 (Fla. 2d DCA 2008), the second district held that that the worker’s compensation exclusivity rule barred the plaintiffs’ common law causes of action against their child’s employer for negligent hiring, retention, and supervision and for assault, battery, and rape. Although the court cited Byrd as authority, we disagree with the second district’s reasoning in Doe and do not interpret Byrd as disallowing plaintiffs battery claim under the workers’ compensation exclusivity rule. In Byrd, the supreme court held that the workers’ compensation exclusivity rule did not bar the plaintiffs’ claim alleging “the specific type of battery” arising from sexual harassment against an employer. 552 So.2d at 1104. There, the plaintiffs based their claims on incidents “in which male employees repeatedly touched the women and made verbal sexual advances on them in the workplace during working hours.” Id. at 1100. The supreme court reasoned that the workers’ compensation exclusivity rule did not bar the claims “because these causes of action address the very essence of the policies against sexual harassment— an injury to intangible personal rights” and “we do not perceive the battery alleged in this instance as involving wage loss or workplace injury, but an unlawful intrusion upon personal rights....” Id. at 1104, 1105 n. 8. Similarly, in this case, the plaintiffs injuries allegedly resulted from a battery, which is not directly related to the work environment or work-related activities. For these reasons, we certify conflict with Doe.
We next consider whether the trial court erred in granting the defendants’ attorney’s fees and costs pursuant to section 57.105(1), Florida Statutes (2009). Here, it appears that the trial court based its award of section 57.105 attorney’s fees upon its erroneous determination that plaintiff improperly filed her complaint in circuit court before complying with the pre-suit procedures set forth under Title VII and the FCRA. Accordingly, we reverse the trial court’s award of attorney’s fees and costs under section 57.105.

Reversed and Remanded.

GERBER, J., and ROSENBERG, ROBIN L„ Associate Judge, concur.

. While these claims were pending, plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) for sexual harassment, intending to later amend her complaint to include a count for violations of Title VII and the Florida Civil Rights Act once the EEOC made a reasonable cause determination or 180 days passed without a determination.