# Third District Court of Appeal

## State of Florida

Opinion filed October 23, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1439
Lower Tribunal No. 23-19101-CA-01
_____

**Pedro Lopez**,
Appellant,

vs.

**Angel Lopez and Hilary S. Lopez**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Velazquez & Perez Perez Law Firm, and Gabriel Gonzalez Insua and Valerie M. Hassan, for appellant.

Dennis & Dennis, P.A., and Amarilis L. Dennis and J. Robert Dennis, for appellees.

Before EMAS, GORDO and LOBREE, JJ.

*ON RESPONSE TO ORDER TO SHOW CAUSE*

LOBREE, J.

Upon consideration of appellant Pedro Lopez's response to this court's order to show cause as to why this appeal should not be dismissed as one taken from a non-final, non-appealable order, we dismiss the appeal for lack of appellate jurisdiction.

**BACKGROUND**

The appellant filed a four-count complaint against the appellees, Angel Lopez ("Angel") and Hilary S. Lopez. In the complaint, the appellant alleged that Angel induced their father to execute a quitclaim deed transferring real property to Angel, while their father was incompetent and under duress. Thereafter, in 2020, Angel transferred the property to himself and Hilary.

The appellant raised the following counts against the appellees: Count I—Quiet Title, alleging he (appellant) holds an equitable title to the property because he has been in continuous possession of an efficiency apartment on the property since 1986, and that the quitclaim deed is deficient because the grantee's wife did not execute the quitclaim deed; Count II—Declaratory Judgment; Count III—alternatively, Equitable Lien to Avoid Unjust Enrichment; and Count IV—alternatively, Unjust Enrichment.

The appellees moved to dismiss the four counts in the complaint. The trial court rendered an order granting the appellees' motion to dismiss,

2

finding the counts are time barred by the applicable statutes of limitation. The order, however, provides: "The plaintiff [appellant] has 20 days to file an amended complaint." This appeal followed.

After the appellant filed his notice of appeal, this court directed him to show cause as to why this appeal should not be dismissed as one taken from a non-final, non-appealable order.

**ANALYSIS**

In the response to our order to show cause, the appellant argues that the order under review is a final, appealable order because the trial court's order dismissed his claims *with prejudice*. While he acknowledges that the order dismissing the four counts also granted him twenty days to file an amended complaint, the appellant asserts that the trial court granting him leave to amend is inconsequential because judicial labor had ended as all counts were dismissed.

In support of his argument, the appellant relies on cases that are factually distinguishable. For example, he cites to Hallock v. Holiday Isle Resort & Marina, Inc., 885 So. 2d 459 (Fla. 3d DCA 2004), for the proposition that "[a] judgment or order is final when it adjudicates the merits of the case, disposes of the pending action, and leaves nothing further to be done by the trial court." Id. at 461 (emphasis added). Here, the trial court did not dispose

3

of the pending action. Rather, it dismissed the four counts in the complaint with leave to file an amended complaint within twenty days. Further, the record shows that the appellant actually filed the amended complaint asserting a single count for adverse possession. As such, the appellant's reliance on Hallock is misplaced.

The appellant further argues that Florida Rule of Appellate Procedure 9.110(k) allows a party to seek review of a partial final judgment where the order under review "disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." His reliance on rule 9.110(k) is misplaced because the trial court has not entered a partial final judgment in this case.

Finally, the appellant's reliance on Gerber v. Vincent's Men's Hairstyling, Inc., 57 So. 3d 935 (Fla. 4th DCA 2011), is also misplaced. In Gerber, unlike the case before this Court, the trial court granted the motion to dismiss "without prejudice," stating that the plaintiff may not refile until the conditions precedent for filing a claim under the sexual harassment statute are met. Based on those facts, the Fourth District Court of Appeal determined that the order was a final order because the "dismissal foreclosed any remedy based in tort and effectively ended the litigation on the merits." Id. at 937. Once again, that is not the situation here, where the appellant

4

was given an opportunity to amend his complaint (and actually did so).

Because judicial labor has not come to an end, we disagree with the appellant's position. See ARP Acquisitions Corp. v. PHH Mortg. Corp., 337 So. 3d 873, 875 (Fla. 3d DCA 2022) ("The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement, if necessary." (quoting Weiss v. Weiss, 317 So. 3d 167, 169 (Fla. 3d DCA 2021)); see also Hancock v. Piper, 186 So. 2d 489, 490 (Fla. 1966) (holding that "an order dismissing a cause but granting additional time in which to file an amended complaint is nothing more than an interlocutory order"); Dade Cnty. Classroom Tchrs' Ass'n v. State Bd. of Educ., 269 So. 2d 657, 658 (Fla. 1972) ("An order of dismissal granting leave to amend is interlocutory in nature until expiration of the amendment period and entry of final judgment by the trial court."). Accordingly, we dismiss the appeal for lack of appellate jurisdiction because the order dismissing the four counts of the complaint with leave to amend is a non-final, non-appealable order.

Appeal dismissed.